# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRINCETON DISPLAY TECHNOLOGIES, INC., on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA) Sdn. Bhd.; LG ELECTRONICS, INC.; LP DISPLAYS; ROYAL PHILIPS ELECTRONICS N.V.; TOSHIBA CORPORATION; TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO, LTD.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD; MT PICTURE DISPLAY; HITACHI LTD.; HITACHI AMERICA LTD.; HITACHI ASIA, LTD.; PANASONIC CORPORATION OF NORTH AMERICA; and SAMTEL COLOR, LTD.;<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Princeton Display Technologies, Inc., individually and on behalf of a class of all those similarly situated, brings this action ("Complaint") for treble damages and injunctive relief under the antitrust laws of the United States. Plaintiff alleges as follows:

## NATURE OF THE CASE

1.    Plaintiff alleges a conspiracy to fix, raise, maintain and/or stabilize prices in the Cathode Ray Tubes ("CRTs") Industry, as defined below, sold in the United States and/or to allocate markets and customers for the sale of CRT products in the United States.

2.    This action is brought on behalf of all individuals and entities which purchased CRT products in the United States directly from defendants, their predecessors or their controlled

subsidiaries from at least as early as November 28, 2003 to date (the "Class"). At all relevant times herein, defendants and their co-conspirators were involved in the manufacture, distribution, and/or sale of CRT Products. Defendants and their co-conspirators agreed, combined, and conspired with each other to fix, raise, maintain and/or stabilize the price of CRT Products and to allocate markets and/or customers in the United States. Because of defendants' unlawful conduct, Plaintiff paid higher prices for CRT Products than it would have paid absent the conspiracy and, as a result, has been damaged.

## JURISDICTION AND VENUE

3.      This action is instituted under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain injunctive relief and to recover treble damages and the costs of this suit, including reasonable attorneys' fees, against defendants for damages sustained by Plaintiff for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1337 and by Sections 4 and 16 of the Clayton Act, 15 U.S.C. § and 26.

5.      Venue is laid in this district pursuant to Sections 4, 12 and 16 of the Clayton Act, 15 U.S.C. §§ 22 and 26 and 28 U.S.C. § 1391(b), (c) and (d). Venue is proper in this judicial district because during the relevant period one or more of the defendants resided, transacted business, was found, or had agents in this district.

6.      The activities of the defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

2

## DEFINITIONS

7.      As used herein, the term "CRT Products" means Cathode-ray Tubes ("CRTs"), and products using CRTs such as older style televisions and computer monitors.

8.      As used herein, the term "Class Period" means the time period extending from at least November 28, 2003 to date.

## THE PARTIES

### Plaintiff

9.      Plaintiff Princeton Display Technologies, Inc. ("Plaintiff") was at all relevant times a New Jersey corporation with its principal place of business located at 812 State Road, Unit 206, Princeton, NJ 08540.  During the relevant time period, Plaintiff purchased CRT Products in the United States directly from one or more of the defendants or their co-conspirators.

### Defendant

10.      Defendant Chunghwa Picture Tubes, Ltd. is a Taiwanese corporation with its headquarters at 1127 Hopin Road, Padeh City, Taoyuan, Taiwan, R.O.C.  During the time period cover by this complaint, Chunghwa Picture Tubes Ltd. manufactured, sold and distributed CRT Products to customers throughout the United States.

11.      Defendant Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. is a wholly owned and controlled subsidiary of defendant Chunghwa Picture Tubes, Ltd. and is a business entity organized under the laws of Malaysia, with its principal place of business at Lot 1, Subang Hi-Tech Industrial Park. Batu Tiga 40000 Shah Alam, Selangor, Malaysia.  During the Class Period, Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. manufactured, sold and distributed CRT Products

to customers throughout the United States. Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. are referred to collectively herein as "Chunghwa."

12.　　Defendant LG Electronics, Inc. ("LG Electronics") is a Korean entity with its principal place of business located at LG Twin Towers, 20 Yeouido-dong, Yeoungdeungpo-gu, Seoul 150-721, South Korea. LG Electronics U.S. corporate headquarters is located at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632. During the Class Period, LG Electronics manufactured, sold and distributed CRT Products to customers throughout the United States.

13.　　Defendant LP Displays, formerly LG Philips Displays, was originally created in 2001 as a joint venture between LG Electronics of Korea and Royal Philips Electronics of the Netherlands. It became LP Displays effective April 1, 2007. LP Displays is organized under the laws of Hong Kong with its principal place of business at 308 Des Voeux Road Central, 6th Floor, ING Tower, Sheung Wan, Hong Kong. During the class period LP Displays manufactured, sold and distributed CRT Products to customers throughout the United States.

14.　　Defendant Royal Philips Electronics N.V. ("Royal Philips") is a business entity organized under the laws of the Netherlands with its headquarters located at Amstelplein 2, Breitner Center, P.O. Box 77900, 1070 MX Amsterdam, The Netherlands. Royal Philips U.S. corporate office is located at Philips Electronics North America Corporation, 1251 Avenue of the Americas, New York, NY 10020. During the Class Period, Royal Philips manufactured, sold and distributed CRT Products to customers throughout the United States.

15.　　Defendant Toshiba Corporation ("Toshiba") is a business entity organized under the laws of Japan, with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. Toshiba's U.S. headquarters is located at 1251 Avenue of the

Americas, Ste. 4110, New York, NY 10020. During the Class Period, Toshiba Corporation manufactured, sold and distributed CRT Products to customers throughout the United States.

16.    Defendant Matsushita Electric Industrial Co., Ltd. is a business entity organized under the laws of Japan with its principal place of business located at 1006 Oaza Kadoma, Kadoma, Osaka 571-8501, Japan. During the Class Period, Matsushita manufactured, sold and distributed CRT Products to customers throughout the United States.

17.    Defendant MT Picture Display Co., Ltd. formerly Matshushita Toshiba Picture Display Co., Ltd., was originally created in 2003 as a joint venture between Matshustita Electric Display Co., and Toshiba Corporation of Japan. MT Picture Display Co., Ltd. is a wholly owned and controlled subsidiary of defendant Matsushita Electric Industrial Co., Ltd. and is a business entity organized under the laws of Japan, with its principal place of business at 1006 Oaza Kadoma, Kadoma, Osaka 571-8501, Japan. MT Picture Displays U.S. corporate office is located at 360 S Patterson Blvd B, Dayton, OH 45402-2866. During the Class Period, MT Picture Display Co., Ltd. manufactured, sold and distributed CRT Products to customers throughout the United States.

18.    Defendant Panasonic Corporation of North America is a wholly owned and controlled subsidiary of defendant Matsushita Electric Industrial Co., Ltd. and is incorporated in Delaware with its principal place of business located at One Panasonic Way, Secaucus, NJ 07094.    During the Class Period, Panasonic of North America manufactured, sold and distributed CRT Products to customers throughout the United States. Matsushita Electric Industrial Co., Ltd., MT Picture Display Co., Ltd., and Panasonic of North America are referred to collectively herein as "Matsushita."

19.     Defendant Hitachi, Ltd. is a business entity organized under the laws of Japan, with its principal place of business at 6-1 Marunouchi Center Building 13F Chiyoda-ku, Tokyo 100-8220, Japan.  During the Class Period, Hitachi Ltd. manufactured, sold and distributed CRT Products to customers throughout the United States.

20.     Defendant Hitachi America, Ltd. is a wholly owned and controlled subsidiary of defendant Hitachi, Ltd. and is incorporated in New York with its principal place of business at 50 Prospect Avenue, Tarrytown, New York, 10591.  During the Class Period, Hitachi America, Ltd. manufactured, sold and distributed CRT Products to customers throughout the United States.

21.     Defendant Hitachi Asia, Ltd. is a wholly owned and controlled subsidiary of Defendant Hitachi Ltd., with its U.S. headquarters located at 575 Mauldin Road, Greenville, South Carolina 29607.   During the Class Period, Hitachi Electronic Devices (USA), Inc. manufactured, sold and distributed CRT Products to customers throughout the United States. Defendants Hitachi Ltd., Hitachi America, Ltd. and Hitachi Asia, Ltd. are referred to collectively herein as "Hitachi."

22.     Defendant Samtel Color, Ltd. is a business entity organized under the laws of India with its principal place of business located at Village Chhapraula, Bulandshahar Road, Ghaziabad – 201009 (U.P.). During the Class Period, Samtel Color, Ltd. manufactured, sold and distributed CRT Products to customers throughout the United States.

6

## AGENTS AND CO-CONSPIRATORS

23.    The acts alleged in this Complaint to have been done by each defendant were authorized by their parent companies.

24.    Various other persons, firms and corporations, not named as defendants in this Complaint, have participated as co-conspirators and performed acts and made statements in furtherance of the conspiracy.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class:

> All persons (excluding governmental entities, defendants, their co-conspirators and the present and former parents, predecessors, subsidiaries and affiliates of the foregoing) which purchased CRT Products in the United States directly from any of the defendants, or any present or former parent, subsidiary or affiliate thereof, at any time during the period from at least November 28, 2003 to date.

25.    Plaintiff alleges that there are hundreds of Class members, the exact number and their identities being unknown to Plaintiff.

26.    The Class is so numerous that joinder of all members is impracticable.

27.    There are questions of law or fact common to the Class, including but not limited to:

> (1)    Whether defendants and their co-conspirators engaged in a combination and conspiracy to fix, raise, maintain or stabilize prices of CRT Products sold in the United States;

7

(2)     Whether defendants and their co-conspirators engaged in a combination and conspiracy to allocate their major customers, accounts or territories; and

(3)     Whether the conduct of defendants and their co-conspirators had an impact and caused damages to all members of the Class.

28.     Plaintiff's claims are typical of the claims of all Class members, and Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation.

29.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for defendants.

30.     Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

31.     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual member including legal and factual issues relating to liability and damages.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The Class is readily definable and is one for which records of the names and addresses of the Class should exist in the files of defendants. Prosecution as a class action will eliminate the possibility of repetitious litigation.  Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication

of relatively small claims by many class members who otherwise could not afford to litigate an antitrust claim such as is asserted in this Complaint. This class action presents no difficulties of management that would preclude its maintenance as a class action.

## INTERSTATE TRADE AND COMMERCE

33.     The activities of defendants and their co-conspirators were within the flow of, and substantially affected, interstate commerce.

34.     During the time period covered by this Complaint, defendants and their co-conspirators sold and distributed CRT Products throughout the United States.

35.     Defendants and their co-conspirators, and each of them, have used instrumentalities of interstate commerce to manufacture, sell, distribute and market CRT Products.

36.     Defendants and their co-conspirators manufactured, sold and shipped substantial quantities of CRT Products in a continuous and uninterrupted flow of interstate commerce to customers located in states other than the states in which defendants produced CRT Products.

## THE CRT PRODUCTS MARKET

37.     The market for the manufacture and sale of CRT Products is conducive to the type of collusive activity alleged here. That market is oligopolistic in nature.

38.     The market for the manufacture and sale of CRT Products is subject to high manufacturing and technological barriers to entry.

39.     The CRT Products industry has experienced consolidation and a decrease in sales and demand during the Class Period.

40.     Defendants sell their CRT Products through various channels including to manufacturers of electronic products and devices, and to resellers of CRT Products.

## DEFENDANTS' ILLEGAL CONDUCT

41.      Defendants and their co-conspirators have engaged in a contract, combination, or conspiracy, the effect of which was to raise the prices at which they sold CRT Products to artificially inflated levels from at least November 28, 2003 to date.

42.      Very recently, antitrust enforcement authorities in multiple jurisdictions have begun investigating this unlawful cartel, including in Asia, Europe and the United States.

43.      In late November 2007, Dutch Royal Philips Electronics NV, Europe's largest maker of consumer electronics, admitted that it was being investigated by officials in several jurisdictions for violating competition laws in the cathode-ray tube industry. The announcement came on the heels of European Commission and Japanese antitrust authorities searches of facilities as part of a probe. "As one of the companies that was active in the CRT business, Philips is subject to these ongoing investigations," the Dutch company said, according to an emailed statement. Philips joins its former venture LP Displays and Samsung SDI Co., the world's two largest makers of glass tube displays among companies being investigated. The Dutch Company transferred its cathode-ray tube business to a venture with Seoul-based LG Electronics Inc. in 2001. The venture said in March that Philips and LG will lose control over the company and that the shares will be owned by financial institutions and private equity firms. Philips also said that the investigation was in a "very early" stage and that it could not predict the outcome. It also said that intends to cooperate with regulatory authorities.

44.      Earlier in November 2007, Matsushita Electric Industrial Co. and Samsung SDI Co. said that they also were cooperating with antitrust authorities.

45.    Japan's Federal Trade Commission is investigating suspicions of price-fixing in the Japanese, South Korean and Taiwanese markets, according to published reports.  The Japanese regulatory body has not issued a public statement on the investigation.

46.    The reports from Japan came only a day after EC officials carried out unannounced raids on CRT manufacturers on November 8, 2007, acting on suspicion that the companies were violating European competition laws.  "The commission has reason to believe that the companies concerned may have violated EC Treaty rules on cartels and restrictive business practices," the regulatory bureau said at the time.  The commission did not say which companies were raided.  It said it had conducted the raids in cooperation with competition authorities in the individual nations where the raids were conducted.

47.    Defendants, through their officers, directors and employees, effectuated the aforesaid contract, combination, or conspiracy between themselves and their co-conspirators by, among other things:

a.    participating in meetings and conversations, including through various trade associations and committees, to discuss the prices and allocation of markets of CRT Products;

b.    agreeing, during those meetings and conversations, to charge prices at specified levels and otherwise to increase and maintain prices of CRT Products sold in the United States;

c.    issuing price announcements and quotations in accordance with the agreements reached; and

d.    selling CRT Products to various customers in the United States at noncompetitive prices.

### FRAUDULENT CONCEALMENT

48.    Throughout the relevant period, defendants and their co-conspirators affirmatively and fraudulently concealed their unlawful conduct from Plaintiff.

49.    Plaintiff did not discover, and could not have discovered through the exercise of reasonable diligence, that defendants and their co-conspirators were violating the antitrust laws as alleged herein until shortly before this litigation was commenced.  Nor could Plaintiff have discovered the violations earlier than that time because dele and their co-conspirators conducted their conspiracy in secret, concealed the nature of their unlawful conduct and acts in furtherance thereof, attempted to confine information concerning the combination and conspiracy to high-level officials and fraudulently concealed their activities through various other means and methods designed to avoid detection.

50.    Only in or about November 2007, when news services announced that antitrust investigators were probing allegations of price-fixing in CRT Products was the existence of the conspiracy disclosed to the public. Plaintiff could not have discovered the unlawful conduct at an earlier date through the exercise of reasonable diligence because of defendants' and their co-conspirator's active and purposeful concealment of their unlawful activities.

51.    Defendants and their co-conspirators engaged in an illegal price-fixing conspiracy with respect to CRT Products, which they affirmatively concealed, in at least the following respects:

>    (1)    By meeting secretly to discuss the prices of CRT Products said in the U.S. and elsewhere;

(2)     By agreeing among themselves at meetings and in communications not to discuss publicly, or otherwise reveal, the nature and substance of the acts and communications in furtherance of their illegal scheme; and

(3)     By giving false and pretextual reasons for the pricing of CRT Products sold by them during the class period and by describing such pricing falsely as being the result of competitive factors rather than collusion.

52.     As a result of defendants' and their co-conspirators' fraudulent concealment of their conspiracy, Plaintiff asserts the tolling of any applicable statute of limitations.

## VIOLATIONS ALLEGED

### First Claim for Relief
### (Violation of Section 1 of the Sherman Act)

53.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

54.     Beginning at a time presently unknown to Plaintiff, but at least as early as November 28, 2003 to date, the exact dates being unknown to Plaintiff, defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for CRT Products in the United States, in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

55.     In formulating and carrying out the alleged agreement, understanding, and conspiracy, the defendants and their co-conspirators did those things that they combined and conspired to do, including but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

a.     To fix, raise, maintain and stabilize the price of CRT Products;

b.     To allocate markets and customers for CRT Products among themselves;

c.     To allocate among themselves and collusively reduce the production of CRT Products.

## EFFECTS

56.     The combination and conspiracy alleged herein has had the following effects, among others:

a.     Price competition in the sale of CRT Products has been restrained, suppressed, and/or eliminated in the United States;

b.     Prices for CRT Products sold by defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

c.     Those who purchased CRT Products directly from defendants and their co-conspirators have been deprived of the benefits of free and open competition.

57.     Plaintiff has been injured and will continue to be injured in its business and property by paying more for CRT Products purchased directly from the defendants and their co-conspirators than it would have paid and will pay in the absence of the combination and conspiracy.

58.     Plaintiff and the class are entitled to an injunction against defendants, preventing and restraining the violations alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

(1)     That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

(2)  That the Court adjudge and decree that the contract, combination or conspiracy, and the acts done in furtherance thereof by defendants and their co-conspirators, be adjudged to have been a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

(3)  That judgment be entered against defendants, jointly and severally;

(4)  That judgment so entered be trebled in accordance with antitrust laws;

(5)  That defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from continuing or maintaining the contract, combination or conspiracy alleged herein, or from engaging in any other contract, combination or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program or device having a similar purpose or effect;

(6)  That the Court award Plaintiff and the class attorneys' fees and costs, and pre-judgment and post-judgment interest a permitted by law; and

(7)  That the Court award Plaintiff and the class such other, further and different relief as the case may require and the Court may deem just and proper under the circumstances.

## DEMAND FOR TRIAL

Pursuant to Fed. R Civ. P. 38(b), Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.


Dated: November 29, 2007

By:    **CAFFERTY FAUCHER LLP**

Bryan L. Clobes, Esq. (BC7273)
Ellen Meriwether, Esq.
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
Tel:  215/864-2800
Fax:  215/864-2810

Mary Jane Fait, Esq.
Theodore B. Bell, Esq.
**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLC**
55 W. Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel:  312/984-0000
Fax:  312/984-0001

Jayne Goldstein, Esq.
Lee Albert, Esq. (LA8307)
**MAGER & GOLDSTEIN LLP**
1818 Market Street, Suite 3700
Philadelphia, PA 19103
Tel:  (215) 640-3280
Fax: (215) 640-3281


*Attorneys for Plaintiff*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Princeton Display Technologies, Inc.

## DEFENDANTS

Chunghwa Picture Tubes, Ltd., et al.
(see attached list)

**(b)** County of Residence of First Listed Plaintiff    Mercer
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Bergen
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Bryan L. Clobes
Cafferty Faucher LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1

Brief description of cause:
Antitrust violations in connection with sale of cathode ray tubes

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE      DOCKET NUMBER

DATE
11.29.07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

## ADDITIONAL DEFENDANTS

Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

LG Electronics, Inc.

LP Displays

Royal Philips Electronics N.V.

Toshiba Corporation

Toshiba Matsushita Display Technology Co., Ltd.

Matsushita Electric Industrial Co., Ltd.

MT Picture Display

Hitachi Ltd.

Hitachi America Ltd.

Hitachi Asia, Ltd.

Panasonic Corporation of North America

Samtel Color, Ltd.

# HEINS MILLS & OLSON, P.L.C.

### ATTORNEYS AT LAW

310 CLIFTON AVENUE
MINNEAPOLIS, MINNESOTA 55403
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

SCOTT W. CARLSON
SCARLSON@HEINSMILLS.COM

January 11, 2008

RECEIVED-CLERK
U.S. DISTRICT COURT
2008 JAN 14 A 11: 28

**VIA FEDEX EXPRESS**
Clerk of Court
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

> Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917
>
> *Princeton Display Technologies, Inc.  v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 2:07-CV-5713-KSH  *C.5*
>
> *Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.,* Case No. 2:08-CV-0039-JAG
>
> *OK TV & Appliances, LLC  v. Samsung Electronics Co., Ltd., et al.,* Case No. 2:08-CV-0086-JAG

Dear Clerk of Court:

Enclosed for filing on behalf of Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's, please find a copy of the following documents:

(1) Wettstein and Sons, Inc., d/b/a Wettstein's Interested Party Response to: (1) Plaintiff Crago, Inc.'s motion for transfer and consolidation of related antitrust actions to the Northern District of California pursuant to 28 U.S.C. § 1407, (2) the New York Direct Purchaser Plaintiffs' motion for transfer and consolidation of related antitrust actions to the Southern District of New York pursuant to 28 U.S.C. § 1407, and (3) Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC's motion for transfer and consolidation of related antitrust class actions to the District of New Jersey pursuant to 28 U.S.C. § 1407;

(2) Schedule of Actions; and

(3) Certificate of Service.

Thank you for your attention to this matter, and please contact me if you have any questions.

Respectfully submitted,

HEINS MILLS & OLSON, P.L.C.

Scott W. Carlson – 5365

SWC:alz
Enclosures
cc: All counsel on Service List

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated
       v.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

    :
    :
    :
    :
    :
    :

Civil Action No. _____

## DISCLOSURE STATEMENT

The undersigned counsel for   PRINCETON DISPLAY TECHNOLOGIES, INC.   ,
certifies that this party is a non-governmental corporate party and that:

☐   This party's parent corporation, and all publicly held corporations owning 10% or more
of this party's stock, are listed here:

_____
_____
_____
_____

## OR

☒   This party does not have a parent corporation, nor is there any publicly held corporation
that owns 10% or more of this party's stock.

11.29.07
_____
Date

_____
Signature of Attorney

Instructions:
1. Disclosure Statement is to be filed as a separate document.
2. Select Case Type (Civil) from the menu bar at the top of the ECF screen.
3. Click on **Other Documents**.
4. Select **Corporate Disclosure Statement**.
5. Enter the case for which the Disclosure Statement is being filed.
6. Select the PDF document to file.
7. Select the party filing the Disclosure Statement.
8. If applicable, insert the name of the Corporate Parent or leave blank.
9. Proofread the docket text.
10. Submit the Disclosure Statement by clicking the **NEXT** button.

DNJ-CMECF-005 (10/07)

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:07-cv-05713-SRC-MAS

PRINCETON DISPLAY TECHNOLOGIES, INC. v.
CHUNGHWA PICTURE TUBES, LTD. et al
Assigned to: Judge Stanley R. Chesler
Referred to: Magistrate Judge Michael A. Shipp
Cause: 15:1 Antitrust Litigation

Date Filed: 11/29/2007
Date Terminated: 03/27/2008
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**PRINCETON DISPLAY
TECHNOLOGIES, INC.**
*on behalf of itself and all others
similarly situated*

represented by **BRYAN L. CLOBES**
CAFFERTY FAUCHER LLP
1717 ARCH STREET, 36TH FLOOR
PHILADELPHIA, PA 19103
(215) 864-2800
Email: bclobes@millerfaucher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LEE ALBERT**
MAGER & GOLDSTEIN, LLP
1818 MARKET STREET
SUITE 3710
PHILADELPHIA, PA 19103
(215) 640-3283
Email: lalbert@magergoldstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JAMES E. CECCHI**
CARELLA BYRNE BAIN
GILFILLAN CECCHI STEWART &
OLSTEIN, PC
5 BECKER FARM ROAD
ROSELAND, NJ 07068
(973) 994-1700
Fax: (973) 994-1744
Email: jcecchi@carellabyrne.com
*ATTORNEY TO BE NOTICED*

**LINDSEY H. TAYLOR**
CARELLA BYRNE BAIN
GILFILLAN CECCHI STEWART &

OLSTEIN, PC
5 BECKER FARM ROAD
ROSELAND, NJ 07068
(973) 994-1700
Email: ltaylor@carellabyrne.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CHUNGHWA PICTURE TUBES, LTD.**

**Defendant**

**CHUNGHWA PICTURE TUBES (MALAYSIA) Sdn. Bhd.**

**Defendant**

**LG ELECTRONICS, INC.**

**Defendant**

**LP DISPLAYS**

**Defendant**

**ROYAL PHILIPS ELECTRONICS N.V.**

**Defendant**

**TOSHIBA CORPORATION**

**Defendant**

**TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.**

**Defendant**

**MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD.**

**Defendant**

**MT PICTURE DISPLAY**

**Defendant**

**HITACHI LTD.**

**Defendant**

**HITACHI AMERICA LTD.**

**Defendant**

**HITACHI ASIA, LTD.**

**Defendant**

| | | |
|---|---|---|
| **PANASONIC CORPORATION OF NORTH AMERICA** | represented by | **RICHARD H. EPSTEIN**<br>SILLS, CUMMIS, ESPTEIN & GROSS, PC<br>ONE RIVERFRONT PLAZA<br>13TH FLOOR<br>NEWARK, NJ 07102<br>973-643-7000<br>Email: repstein@sillscummis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**SAMTEL COLOR, LTD.**

**Interested Party**

**WETTSTEIN AND SONS, INC.**

**Interested Party**

**ROYAL DATA SERVICES, INC.**

**Interested Party**

**OK TV & APPLIANCES, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/29/2007 | 1 | COMPLAINT against TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO., LTD., MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD., MT PICTURE DISPLAY, HITACHI LTD., HITACHI AMERICA LTD., HITACHI ASIA, LTD., PANASONIC CORPORATION OF NORTH AMERICA, SAMTEL COLOR, LTD., CHUNGHWA PICTURE TUBES, LTD., CHUNGHWA PICTURE TUBES (MALAYSIA) Sdn. Bhd., LG ELECTRONICS, INC., LP DISPLAYS, ROYAL PHILIPS ELECTRONICS N.V., TOSHIBA CORPORATION ( Filing fee $ 350 receipt number 349434.) JURY DEMAND, filed by PRINCETON DISPLAY TECHNOLOGIES, INC.. (mn, ) (Entered: 12/03/2007) |
| 11/29/2007 | 2 | Corporate Disclosure Statement by PRINCETON DISPLAY TECHNOLOGIES, INC.. (Attachments: # 1 Civil Cover Sheet)(mn, ) (Entered: 12/03/2007) |
| 12/03/2007 | 3 | Summons Issued as to TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO., LTD., MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD., MT PICTURE DISPLAY, HITACHI LTD., HITACHI AMERICA LTD., HITACHI ASIA, LTD., PANASONIC CORPORATION OF NORTH AMERICA, SAMTEL COLOR, LTD., CHUNGHWA PICTURE TUBES, LTD., CHUNGHWA PICTURE TUBES (MALAYSIA) Sdn. Bhd., LG |

|  |  | ELECTRONICS, INC., LP DISPLAYS, ROYAL PHILIPS ELECTRONICS N.V., TOSHIBA CORPORATION.Days Due - 20.(MAILED TO COUNSEL) (mn, ) (Entered: 12/03/2007) |
|---|---|---|
| 12/04/2007 | 4 | NOTICE of Appearance by LEE ALBERT on behalf of PRINCETON DISPLAY TECHNOLOGIES, INC. (ALBERT, LEE) (Entered: 12/04/2007) |
| 12/05/2007 | 5 | MOTION for Leave to Appear Pro Hac Vice *of Ellen Meriwether* by PRINCETON DISPLAY TECHNOLOGIES, INC.. (CLOBES, BRYAN) (Entered: 12/05/2007) |
| 12/05/2007 |  | CLERK'S QUALITY CONTROL MESSAGE: Please be advised that 5 MOTION submitted by B. CLOBES on 12/5/07 is/are not filed pursuant to the Local Rules of this Court. DOCUMENT SIGNED BY COUNSEL NOT ADMITTED TO USDC-NJ BAR. This submission will remain on the docket unless otherwise ordered by the Court. This message is for informational purposes only. (dc, ) (Entered: 12/06/2007) |
| 12/06/2007 | 6 | MOTION for Leave to Appear Pro Hac Vice *for Ellen Meriwether* by PRINCETON DISPLAY TECHNOLOGIES, INC.. (CLOBES, BRYAN) (Entered: 12/06/2007) |
| 12/10/2007 |  | Pro Hac Vice fee: $ 150, receipt number 349592 for Ellen Meriwether, Esq.. (dc, ) (Entered: 12/10/2007) |
| 12/12/2007 | 7 | ORDER denying 6 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Patty Shwartz on 12/11/07. (dc, ) (Entered: 12/12/2007) |
| 01/02/2008 | 8 | NOTICE of Appearance by JAMES E. CECCHI on behalf of PRINCETON DISPLAY TECHNOLOGIES, INC. (CECCHI, JAMES) (Entered: 01/02/2008) |
| 01/02/2008 | 9 | NOTICE of Appearance by LINDSEY H. TAYLOR on behalf of PRINCETON DISPLAY TECHNOLOGIES, INC. (TAYLOR, LINDSEY) (Entered: 01/02/2008) |
| 01/14/2008 | 11 | INTERESTED PARTY RESPONSE filed by WETTSTEIN AND SONS, INC.. (Attachments: # 1 Certificate of Service # 2 Schedule of Actions# 3 Cover Letter# 4 Letter to So. Dist. NY# 5 Letter to Judicial Panel on MDL# 6 Letter to Dist. of Minn.# 7 Letter to Dist. of So. Carolina# 8 Letter to No. Dist. of CA) (dc, ) (Entered: 01/17/2008) |
| 01/14/2008 | 12 | BRIEF IN SUPPORT filed by ROYAL DATA SERVICES, INC., OK TV & APPLIANCES, LLC. (Attachments: # 1 Cover Letter# 2 Notice of Appearance of W. Joseph Bruckner# 3 Corporate Disclosure Statement for OK TV & Appliances, LLC# 4 Corporate Disclosure Statement for Royal Data Services, Inc.# 5 Notice of Presentation or Waiver of Oral Argument# 6 Schedule of Pending Actions# 7 Certificate of Service)(dc, ) Additional attachment(s) added on 1/17/2008 (dc, ). (Entered: 01/17/2008) |
| 01/15/2008 | 10 | LETTER ORDER re case management. Signed by Judge Patty Shwartz on 1/14/08. (dc, ) (Entered: 01/15/2008) |
| 01/18/2008 | 13 | ORDER REASSIGNING CASE. Case reassigned to Judge Stanley R. Chesler and Michael A. Shipp for all further proceedings. Judge Katharine S. Hayden, |

| | | |
|---|---|---|
| | | Patty Shwartz no longer assigned to case. Signed by Judge Garrett E. Brown, Jr. on 1/18/08. (cs, ) (Entered: 01/22/2008) |
| 01/22/2008 | 14 | AFFIDAVIT of Service for Summons and Complaint served on Hitachi America, Ltd. on 1/18/2008, filed by PRINCETON DISPLAY TECHNOLOGIES, INC.. (TAYLOR, LINDSEY) (Entered: 01/22/2008) |
| 01/22/2008 | 15 | AFFIDAVIT of Service for Summons and Complaint served on Panasonic Corporation of North America on 1/17/2008, filed by PRINCETON DISPLAY TECHNOLOGIES, INC.. (TAYLOR, LINDSEY) (Entered: 01/22/2008) |
| 01/22/2008 | 16 | AFFIDAVIT of Service for Summons and Complaint served on Royal Philips Electronics NV on 1/17/2007, filed by PRINCETON DISPLAY TECHNOLOGIES, INC.. (TAYLOR, LINDSEY) (Entered: 01/22/2008) |
| 01/25/2008 | 17 | AFFIDAVIT of Service for Summons and Complaint served on LG Electronics on 1/18/2008, filed by PRINCETON DISPLAY TECHNOLOGIES, INC.. (TAYLOR, LINDSEY) (Entered: 01/25/2008) |
| 01/29/2008 | 18 | Letter from Lindsey H. Taylor Enclosing Declaration of Mary Jane Fait and proposed Order in Support of Pro Hac Vice Admission. (Attachments: # 1 Declaration of Mary Jane Fait, # 2 Text of Proposed Order)(TAYLOR, LINDSEY) (Entered: 01/29/2008) |
| 01/31/2008 | 19 | MOTION for Extension of Time to File Answer , *move or otherwise respond to Plaintiff's complaint* by PANASONIC CORPORATION OF NORTH AMERICA. (EPSTEIN, RICHARD) (Entered: 01/31/2008) |
| 01/31/2008 | | CLERK'S QUALITY CONTROL MESSAGE: The 19 MOTION filed by R. EPSTEIN on 1/31/08 was submitted incorrectly as a MOTION. PLEASE RESUBMIT THE MOTION USING *APPLICATION/PETITION. This submission will remain on the docket unless otherwise ordered by the court. (dc, ) (Entered: 02/01/2008) |
| 02/01/2008 | 20 | APPLICATION/PETITION for by PANASONIC CORPORATION OF NORTH AMERICA. (EPSTEIN, RICHARD) (Entered: 02/01/2008) |
| 02/01/2008 | 21 | AFFIDAVIT of Service for Summons and Complaint served on Hitachi Asia, Ltd. on 1/18/2008, filed by PRINCETON DISPLAY TECHNOLOGIES, INC.. (TAYLOR, LINDSEY) (Entered: 02/01/2008) |
| 02/06/2008 | 22 | Letter from Richard H. Epstein requesting an extension of time to answer, move or otherwise respond to Pltf.'s complanit. (dc, ) (Entered: 02/06/2008) |
| 02/06/2008 | 23 | STIPULATION FOR EXTENSION OF TIME AND ORDER. Signed by Magistrate Judge Michael A. Shipp on 2/6/08. (dc, ) (Entered: 02/06/2008) |
| 03/20/2008 | 24 | ORDER granting admission pro hac vice of Mary Jane Fait, Esq., Signed by Magistrate Judge Michael A. Shipp on 3/19/08. (dc, ) (Entered: 03/20/2008) |
| 03/27/2008 | 25 | CERTIFIED COPY OF MDL CONDITIONAL TRANSFER ORDER transferring case to the United States District Court for the Northern District of California. Signed by Judge No Judge Assigned on 3/24/08. (Attachments: # 1 Transmittal Letter from Northern District of California, # 2 Copy of Transmittal |

Letter)(dc, ) (Entered: 03/27/2008)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/29/2008 11:38:25 | | | |
| **PACER Login:** | us4077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-05713-SRC-MAS Start date: 1/1/1970 End date: 4/29/2008 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |



RECEIVED-CLERK
U.S. DISTRICT COURT

2008 JAN 14 A 11: 29

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | : : : | MDL DOCKET NO. 1917 |

### WETTSTEIN AND SONS, INC., D/B/A WETTSTEIN'S INTERESTED PARTY RESPONSE TO: (1) PLAINTIFF CRAGO, INC.'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407, (2) THE NEW YORK DIRECT PURCHASER PLAINTIFFS' MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST ACTIONS TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407, AND (3) PLAINTIFFS ROYAL DATA SERVICES, INC. AND OK TV & APPLIANCES, LLC'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST CLASS ACTIONS TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, Wettstein and Sons, Inc., d/b/a Wettstein's ("Wettstein's"), plaintiff

in *Wettstein and Sons, Inc., d/b/a Wettstein's v. Chunghwa Picture Tubes, Ltd., et al.*, Case No.

07-CV-4889 (D. Minn.) (filed Dec. 18, 2007) ("*Wettstein's*"), submits this interested party

response to: (1) Plaintiff Crago, Inc.'s motion for transfer and consolidation of related antitrust

cases to the Northern District of California pursuant to 28 U.S.C. § 1407, (2) the New York

direct purchaser plaintiffs' motion for transfer and consolidation of related antitrust actions to the

Southern District of New York pursuant to 28 U.S.C. § 1407, and (3) Plaintiffs Royal Data

Services, Inc. and OK TV & Appliances, LLC's motion for transfer and consolidation of related

antitrust class actions to the District of New Jersey pursuant to 28 U.S.C. § 1407. For the

reasons set forth below, Wettstein's respectfully requests that the Panel enter an Order

transferring all related cases to the District of Minnesota for coordinated or consolidated

proceedings.

## I.    INTRODUCTION

To date, seventeen substantially similar actions (collectively, the "Related Actions") have

been filed in five federal districts. In addition to *Wettstein's*, the Related Actions filed thus far

include:

1.  *Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-5944-SC (N.D. Cal.) (filed Nov. 26, 2007);

2.  *Nathan Muchnick, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-5981-SC (N.D. Cal.) (filed Nov. 27, 2007);

3.  *Juetten, et al. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-6225-SC (N.D. Cal.) (filed Dec. 10, 2007);

4.  *Hawel d/b/a City Electronics v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-6279-SC (N.D. Cal.) (filed Dec. 12, 2007);

5.  *Caldwell v. Matsushita Electric Industrial Co., Ltd., et al.,* Case No. 3:07-CV-6303-SC (N.D. Cal.) (filed Dec. 13, 2007);

6.  *Figone v. LG Electronics, Inc., et al.,* Case No. 3:07-CV-6331-SC (N.D. Cal.) (filed Dec. 13, 2007);

7.  *Art's TV and Appliance v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-6416-JCS (N.D. Cal.) (filed Dec. 19, 2007);

8.  *Monikraft, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-6433-SC (N.D. Cal.) (filed Dec. 21, 2007);

9.  *Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,*
    Case No. 2:07-CV-5713-KSH (D. N.J.) (filed Nov. 29, 2007);

10. *Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.,* Case No. 2:08-
    CV-0039-JAG (D. N.J.) (filed Jan. 2, 2008);

11. *OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.,* Case No.
    2:08-CV-0086-JAG (D. N.J.) (filed Jan. 7, 2008);

12. *Kindt v. Matsushita Electric Industrial Co., Ltd., et al.,* Case No. 1:07-CV-10322-
    GBD (S.D.N.Y.) (filed Nov. 13, 2007);

13. *Arch Electronics, Inc. v. LG Electronics, Inc., et al.,* Case No. 1:07-CV-10664-
    GBD (S.D.N.Y.) (filed Nov. 29, 2007);

14. *Meijer, Inc., et al. v. LG Electronics, Inc., et al.,* Case No. 1:07-CV-10674-GBD
    (S.D.N.Y.) (filed Nov. 29, 2007);

15. *Industrial Computing, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No.
    1:07-CV-11203-UA (S.D.N.Y.) (filed Dec. 13, 2007);

16. *Glanz v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 4:07-CV-4175-TLW (D.
    S.C.) (filed Dec. 31, 2007)

The Related Actions allege that the defendants conspired to fix, raise, maintain or

stabilize the price of cathode-ray tubes ("CRTs") and products containing CRTs (jointly, "CRT

Products"). Accordingly, the actions subject to this transfer motion raise common issues of law

and fact regarding a price-fixing conspiracy in the market for CRT Products. Transfer and

consolidation or coordination of these actions, and any other subsequently-filed related cases, to

the designated transferee district would serve the convenience of the parties and witnesses and

promote the just and efficient prosecution of these actions.

As set forth below, the District of Minnesota is the most appropriate and convenient

transferee district for several reasons: it has ample and experienced judicial resources, it has a

superior MDL and general docket, its central location is an accessible and convenient forum for

parties, witnesses and counsel, it is equipped with sophisticated state-of-the-art courtroom

technology, and no action has significantly progressed in any jurisdiction and no judge has gained any significant experience with any of the Related Actions.

## II.     ARGUMENT

### A.     Transfer of these actions for coordination and consolidation to the District of Minnesota will further the goals of § 1407.

Section 1407(a) authorizes the transfer of civil actions in different federal district courts involving common questions of fact to a single federal district court for coordinated or consolidated pretrial proceedings. The purpose of such transfers is to serve the convenience of the parties and witnesses and to promote just and efficient litigation. 28 U.S.C. § 1407. Section 1407(a) provides in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the Judicial Panel on Multidistrict Litigation authorized by this Section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

All of the CRT actions involve several common questions of law and fact including: (1) whether the defendants in the actions conspired to fix, raise, maintain, or stabilize the price of CRT Products; (2) whether the defendants' conduct violated Section 1 of the Sherman Act, 15 U.S.C. §1; (3) whether the defendants' conduct caused the prices of CRT Products to be set at artificially high, non-competitive levels; and (4) whether the defendants' conduct caused injury to the business or property of plaintiffs. Because of the many common questions of fact and law, consolidation would result in significant savings and efficiencies by avoiding repetitive discovery and motion practice, as, well as potentially inconsistent pretrial rulings.

As a general rule, common questions are presumed "when two or more complaints assert comparable allegations against identical defendants based on similar transactions and events." *In*

*re Air West, Inc. Securities Litig.*, 506 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig.*, 506 F.Supp. 651, 654-55 (J.P.M.L. 1981). The actions proposed for transfer and coordination or consolidation allege essentially the same unlawful, price-fixing conspiracy by essentially the same defendants during the same period of time based on the same underlying facts. The Related Actions are therefore appropriate for a § 1407 transfer.

Discovery with respect to the Related Actions will involve the same oral testimony and documentary evidence relating to the same alleged conspiracy. Accordingly, the coordination or consolidation of these Related Actions would avoid duplicative, redundant and costly discovery proceedings, including repetitive motion practice and potentially conflicting discovery and other pretrial rulings. *See in re Amino Acid Lysine Antitrust Litig.*, 910 F.Supp. 696, 698 (J.P.M.L. 1995); *see also In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F.Supp. 969, 974 (J.P.M.L. 1978).

**B.      Transfer to the Honorable Michael J. Davis in the District of Minnesota is the appropriate transferee forum and will ensure the just and efficient adjudication of these actions.**

If the panel finds that transfer for purposes of consolidation or coordination is appropriate, then the following factors are relevant in selecting the appropriate transferee forum:

**1.      The Honorable Michael J. Davis of the District of Minnesota is well suited to manage this multidistrict litigation.**

A significant factor favoring transfer to the District of Minnesota is the fact that *Wettstein* has already been assigned to Judge Davis, a highly respected, able and experienced jurist, skilled in presiding over complex multidistrict litigation. In his nearly 14 years on the bench, Judge Davis has experience with such complex multidistrict litigation. In fact, Judge Davis has ably presided over *In re: Baycol Product Liability Litigation* (MDL No. 1431). In 1999, Judge Davis was appointed to a prestigious seven-year term on the Foreign Intelligence Surveillance Court.

In this case, Judge Davis has the expertise, experience and resources to manage this litigation in a just and efficient manner.

### 2. The District of Minnesota has ample judicial resources to handle this multidistrict litigation.

In addition to Judge Davis, the District of Minnesota has ample judicial resources to effectively and efficiently handle this multidistrict litigation. Judges within the District have handled numerous multidistrict litigation cases ("MDLs"), including, among others, *In re Monosodium Glutamate Antitrust Litigation* (MDL No. 1328), *In re Airline Ticket Commission Antitrust Litigation* (MDL No. 1058), *In re: Mirapex Products Liability Litigation* (MDL No. 1836), *In re: Medtronic, Inc. Implantable Defibrillator Product Liability Litigation* (MDL No. 1726), *In re Viagra Products Liability Litigation* (MDL No. 1724), *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation* (MDL No. 1708), *In re: Baycol Product Liability Litigation* (MDL No. 1431), and *In re: St. Jude Medical, Inc. Silzone Heart Valves Products Liability Litigation* (MDL No. 1396).

The District of Minnesota's current MDL workload is significantly lower than the District of New Jersey, the Northern District of California and the Southern District of New York. According to the Judicial Panel on Multidistrict Litigation, the District of Minnesota has seven pending MDL dockets, while the Northern District of California has 18, the District of New Jersey has 20, and the Southern District of New York has 38. *Pending MDL Dockets by District*, http://www.jpml.uscourts.gov/MDL_Information/PendingMDL-November-07.pdf.

With regard to the overall workload of the Districts, Minnesota has the least number of pending cases. According to Federal Court Management Statistics, the most recent data shows that the District of Minnesota had 5,787 pending cases, while the District of New Jersey had 6,855, the Northern District of California had 8,157 and the Southern District of New York had

6

20,047. Additionally, the District of Minnesota's pending caseload is declining year-to-year while the caseload of the District of New Jersey is stable, and the caseloads of both the Northern District of California and the Southern District of New York are increasing year-to-year. *See U.S. District Court – Judicial Caseload Profile*, http://www.uscourts.gov/cgi-bin/cmsd2006.pl.

The District of Minnesota and Judge Davis clearly have the capability, experience and resources to handle the pending CRT actions. As this panel noted when transferring the *Baycol* litigation to Judge Davis:

> In concluding that the District of Minnesota is the appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to a major metropolitan court that i) is centrally located, ii) is not currently overtaxed with other multidistrict dockets, and iii) possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial tune and effort to pretrial matters that this complex docket is likely to require.

*In re: Baycol Products Liability Litigation*, 2001 WL 34134820, *2 (Jud. Pan. Mult. Lit. 2001). For the foregoing reasons, the District of Minnesota is a more appropriate district for transfer and consolidation of the related CRT actions than the Northern District of California, the Southern District of New York or the District of New Jersey.

### 3. Location and convenience of parties and witnesses.

An important factor in selecting the transferee court is the location and convenience of the parties and witnesses. *In re Continental Corp. Sec. Litig.*, 130 F.R.D. 475, 476 (J.P.M.L. 1990); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F.Supp. 651, 654-55 (J.P.M.L. 1981). Of the four districts at issue, Minnesota is the most convenient. If the Related Actions were transferred to and consolidated in the Northern District of California, the Southern District of New York or the District of New Jersey, parties from at least one of those districts would be required to travel coast-to-coast, a nearly 3,000 mile, six-hour flight, each way. Conversely, the District of Minnesota's central location significantly reduces travel times. Direct flights to and

from the District of Minnesota are approximately two-and-a-half to three hours from the Southern District of New York and the District of New Jersey, depending on the direction of travel, and three-and-a-half to four hours from the Northern District of California. Flights to Minnesota from the other district in which a CRT action has been filed—the District of South Carolina—are less than two hours long.

Further, the District of Minnesota is served by the Minneapolis-St. Paul International Airport, a large, modern international airport with frequent direct flights to areas around the United States, including major cities in all of the other districts in which CRT actions have been filed. Flights to and from the foreign locations where many Defendants are based are also easily available from the District of Minnesota, including direct flights and flights to a major Netherlands hub of Northwest Airlines, where one of the defendants is based.

In fact, as this panel noted when transferring the *Guidant* litigation to Minnesota:

> Given the varied locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the District of Minnesota is an appropriate forum for this docket, we observe that this district . . . is a geographically central, metropolitan district equipped with the resources that this complex . . . litigation is likely to require.

*In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 398 F. Supp. 2d 1371, 1372 (Jud. Pan. Mult. Lit. 2005). For the foregoing reasons, the District of Minnesota is a more appropriate district than the Northern District of California, the Southern District of New York or the District of New Jersey.

### 4. Sophisticated, state-of-the-art courtroom technology.

Courthouses in the District of Minnesota are equipped with some of the country's finest, sophisticated, state-of-the art courtroom technology. Courtroom features include a 10-inch touch panel control and 15-inch flat panel monitor for the judge, as well as two 15-inch monitors on the

lower bench. Attorney tables are outfitted with 15-inch flat panel monitors. The jury is given four 15-inch flat panel monitors in one courtroom and two 20-inch monitors in another. Witnesses are provided an annotation monitor. Technological tools available for evidence presentation include a 5-inch touch panel control, an annotation monitor, a digital document camera, computer inputs and audio/visual components, including wireless microphones and pink noise to mask bench conferences.

In a case such as this, where technical details of CRT Products may be at issue, technology such as that described above is an important tool to understanding important facts. For these reasons, the District of Minnesota is an appropriate district for the transfer and consolidation of the Related Actions.

### 5. Existence and relative progress of other pending litigation.

Other factors to be considered include the existence and progress of any related pending litigation, including whether any judge has become particularly familiar with the claims at issue. Here, the Related Actions have all been filed within weeks of each other. Consequently, no action has significantly progressed, and no judge has gained any significant experience with any of the Related Actions.

//

//

//

//

//

//

//

## III.   CONCLUSION

For the foregoing reasons, Plaintiff Wettstein's respectfully submits that transfer of all CRT Products actions to a single district court pursuant to 28 U.S.C. § 1407 is warranted and the District of Minnesota is the most appropriate transferee court for consolidated or coordinated proceedings.

DATED: January 11, 2007                    HEINS MILLS & OLSON, PLC

By:      _____
                    Samuel D. Heins
                    Vincent J. Esades
                    Scott W. Carlson
                    310 Clifton Avenue
                    Minneapolis, MN  55403
                    Phone: (612) 338-4605
                    Fax:     (612) 338-4692
                    Email: heins@heinsmills.com
                              vesades@heinsmills.com
                              scarlson@heinsmills.com

                    Michael Stoker
                    JOHNS FLAHERTY & COLLINS, S.C.
                    Exchange Building, Suite 600
                    205 Fifth Avenue South
                    P.O. Box 1626
                    LaCrosse, WI  54602-1626
                    Email: michael@johnsflaherty.com

                    Steven J. Greenfogel
                    MEREDITH COHEN GREENFOGEL
                      & SKIRNICK, P.C.
                    1521 Locust St., 8th Floor
                    Philadelphia, PA 19102
                    Phone: (215) 564-5182
                    Email: sgreenfogel@mcgslaw.com

                    *Attorneys for Plaintiff and the Proposed Class*

63573

10

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

RECEIVED

FEB 06 2008

AT 8:30_____ M
WILLIAM T. WALSH, CLERK

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

Richard H. Epstein
Member of the Firm
Direct Dial: (973) 643-5372
E-mail: repstein@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

January 31, 2008

**Via Electronic Mail and U.S. Mail**
Hon. Michael A. Shipp
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:  *Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes,*
> *Ltd., et al.*
> Case No. 07-cv-5713 (SRC) (MAS)

Dear Judge Shipp:

We represent, along with Weil Gotshal & Manges LLP and Dewey & LeBoeuf LLP,

defendant Panasonic Corporation of North America ("PNA") and write to request an extension

of time to answer, move or otherwise respond to Plaintiff's complaint.  PNA respectfully

requests that the Court "So Order" the enclosed stipulation, to which counsel for Plaintiff has

consented, extending the deadline until the earliest of the following dates: (1) 45 days after the

filing of a Consolidated Amended Complaint in the CRT Cases (as defined below); or (2) 45

days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a

Consolidated Amended Complaint, provided however, that in the event that PNA should agree to

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION
Hon. Michael A. Shipp, U.S.M.J.
January 31, 2008
Page 2

an earlier response date in any CRT case, PNA will respond to the Complaint in this action on

that earlier date.[1]

On or about November 29, 2007, Plaintiff commenced this action alleging antitrust

violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products

containing Cathode-Ray Tubes (collectively, "CRT products").[2]  This is one of more than

twenty complaints that have been filed to date in federal district courts throughout the United

States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers

alleging antitrust violations by manufacturers, distributors, and sellers of CRT products

(collectively, "the CRT Cases").  There is currently pending before the Judicial Panel on

Multidistrict Litigation a motion to transfer the CRT cases for coordinated and consolidated

pretrial proceedings pursuant to 28 U.S.C. § 1407.  Responses to the motion have been filed.

Further, Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT

Cases.

Accordingly, Plaintiff and PNA have executed the enclosed Stipulation based upon their

belief that an orderly schedule for any response to the pleadings in the CRT Cases would be

more efficient for the parties and for the Court.  This is especially so where, as here, not all

defendants have been served and, as noted above, this action may be transferred and/or

---

[1]     The Hon. Madeline Cox Arleo, U.S.M.J., has "So Ordered" similar stipulations in two
other CRT cases, *Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No.
2:08-cv-00039 (JAG)(MCA), and *OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd.,
et al.*, Case No. 2:08-cv-00086 (JAG)(MCA).
[2]     Service of process was made on January 17, 2008.  The time to respond to the Complaint
is currently February 6, 2008, and no prior request for an extension has been made.

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION
Hon. Michael A. Shipp, U.S.M.J.
January 31, 2008
Page 3

coordinated and consolidated for pretrial proceedings based upon the pending motion before the

Judicial Panel on Multidistrict Litigation.

PNA therefore respectfully requests that this Court "So Order" the enclosed Stipulation to

extend the time to answer, move or otherwise respond to the Complaint and that, as set forth in

paragraph 3 of the Stipulation, the extension will be applied to all named defendants who notify

Plaintiff in writing of their intention to join this Stipulation.

Respectfully submitted,

Richard H. Epstein

Enclosure

cc:    Bryan L. Clobes, Esq.
       Mary Jane Fait, Esq.
       Jayne Goldstein, Esq.
       David Yohai, Esq.
       Jeffrey L. Kessler, Esq.
       (all via fax with enclosure)

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

18 March 2008

U.S. District Court
William T. Walsh, Clerk
50 Walnut Street, 4th Floor
Newark, NJ 07102

Re:  MDL 1917 In re Cathode Ray Tube (CRT) Antitrust Litigation

Title of Case(s)                                                           Your Case Number(s)
*Princeton Display Technologies, inc. et al -v- Chunghwa Picture Tubes, Ltd., et al*   C.A . No. 2:07-5713

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Samuel Conti for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the original record and a certified copy of the docket entries in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: MDL Clerk

If the case is an electronic case filing please do one of the following: 1) electronically transfer the case via ECF by contacting our Automation Department at ecfhelpdesk@cand.uscourts.gov; 2) e-mail the PDF documents, as separate PDF files,  including a PDF copy of the docket sheet to SFmdl_clerk@cand.uscourts.gov; 3) provide the PDF documents on a disc; or 4) provide us with a temporary log in and a password to directly access your database to expedite the downloading of the PDF files we need and/or require,  We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

*R.C. Santos*

For Simone Voltz
Deputy Clerk

Encl.

# HEINS MILLS & OLSON, P.L.C.

ATTORNEYS AT LAW

310 CLIFTON AVENUE
MINNEAPOLIS, MINNESOTA 55403
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

SCOTT W. CARLSON
SCARLSON@HEINSMILLS.COM

January 11, 2008

**VIA FEDEX EXPRESS**
Jeffrey N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

      Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

Dear Mr. Lüthi:

      Enclosed for filing on behalf of Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's, please find an original, four copies and a disk containing the following documents:

      (1) Notice of Appearance;

      (2) Notice of Presentation or Waiver of Oral Argument;

      (3) Rule 5.3 Corporate Disclosure Statement;

      (4) Wettstein and Sons, Inc., d/b/a Wettstein's Interested Party Response to: (1) Plaintiff Crago, Inc.'s motion for transfer and consolidation of related antitrust actions to the Northern District of California pursuant to 28 U.S.C. § 1407, (2) the New York Direct Purchaser Plaintiffs' motion for transfer and consolidation of related antitrust actions to the Southern District of New York pursuant to 28 U.S.C. § 1407, and (3) Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC's motion for transfer and consolidation of related antitrust class actions to the District of New Jersey pursuant to 28 U.S.C. § 1407;

      (5) Schedule of Actions; and

      (6) Certificate of Service.

      Please return a file-stamped copy of these documents in the self-addressed, postage prepaid envelope provided.

Respectfully submitted,

HEINS MILLS & OLSON, P.L.C.

Scott W. Carlson

SWC:alz
Enclosures
cc: All counsel on Service List

# HEINS MILLS & OLSON, P.L.C.

### ATTORNEYS AT LAW

310 CLIFTON AVENUE
MINNEAPOLIS, MINNESOTA 55403
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

SCOTT W. CARLSON
SCARLSON@HEINSMILLS.COM

January 11, 2008

**VIA FEDEX EXPRESS**
Clerk of Court
United States District Court
District of Minnesota
300 South Fourth Street, Room 202
Minneapolis, Minnesota, 55415

> Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917
>
> *Wettstein and Sons, Inc., d/b/a Wettstein's v. Chunghwa Picture Tubes, Ltd., et al.,*
> Case No. 07-CV-4889

Dear Clerk of Court:

Enclosed for filing on behalf of Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's, please find a copy of the following documents:

(1) Wettstein and Sons, Inc., d/b/a Wettstein's Interested Party Response to: (1) Plaintiff Crago, Inc.'s motion for transfer and consolidation of related antitrust actions to the Northern District of California pursuant to 28 U.S.C. § 1407, (2) the New York Direct Purchaser Plaintiffs' motion for transfer and consolidation of related antitrust actions to the Southern District of New York pursuant to 28 U.S.C. § 1407, and (3) Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC's motion for transfer and consolidation of related antitrust class actions to the District of New Jersey pursuant to 28 U.S.C. § 1407;

(2) Schedule of Actions; and

(3) Certificate of Service.

Thank you for your attention to this matter, and please contact me if you have any questions.

Respectfully submitted,

HEINS MILLS & OLSON, P.L.C.

Scott W. Carlson

SWC:alz
Enclosures
cc: All counsel on Service List

# HEINS MILLS & OLSON, P.L.C.

### ATTORNEYS AT LAW

310 CLIFTON AVENUE

MINNEAPOLIS, MINNESOTA 55403

TEL (612) 338-4605 • FAX (612) 338-4692

WWW.HEINSMILLS.COM

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 JAN 14 A 11: 28

SCOTT W. CARLSON
SCARLSON@HEINSMILLS.COM

January 11, 2008

**VIA FEDEX EXPRESS**

Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

*Kindt v. Matsushita Electric Industrial Co., Ltd., et al.,* Case No. 1:07-CV-10322-GBD

*Arch Electronics, Inc. v. LG Electronics, Inc., et al.,* Case No. 1:07-CV-10664-GBD

*Meijer, Inc., et al. v. LG Electronics, Inc., et al.,* Case No. 1:07-CV-10674-GBD

*Industrial Computing, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 1:07-CV-11203-UA

Dear Clerk of Court:

Enclosed for filing on behalf of Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's, please find a copy of the following documents:

(1) Wettstein and Sons, Inc., d/b/a Wettstein's Interested Party Response to: (1) Plaintiff Crago, Inc.'s motion for transfer and consolidation of related antitrust actions to the Northern District of California pursuant to 28 U.S.C. § 1407, (2) the New York Direct Purchaser Plaintiffs' motion for transfer and consolidation of related antitrust actions to the Southern District of New York pursuant to 28 U.S.C. § 1407, and (3) Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC's motion for transfer and consolidation of related antitrust class actions to the District of New Jersey pursuant to 28 U.S.C. § 1407;

(2) Schedule of Actions; and

(3) Certificate of Service.

Thank you for your attention to this matter, and please contact me if you have any questions.

Respectfully submitted,

HEINS MILLS & OLSON, P.L.C.

Scott W. Carlson

SWC:alz
Enclosures
cc: All counsel on Service List

# HEINS MILLS & OLSON, P.L.C.

## ATTORNEYS AT LAW

310 CLIFTON AVENUE
MINNEAPOLIS, MINNESOTA 55403
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

SCOTT W. CARLSON
SCARLSON@HEINSMILLS.COM

January 11, 2008

**VIA U.S. MAIL**
Clerk of Court
United States District Court
District of South Carolina
Post Office Box 2557
Florence, SC 29503

Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917

*Glanz v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 4:07-CV-4175-TLW

Dear Clerk of Court:

Enclosed for filing on behalf of Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's, please find a copy of the following documents:

(1) Wettstein and Sons, Inc., d/b/a Wettstein's Interested Party Response to: (1) Plaintiff Crago, Inc.'s motion for transfer and consolidation of related antitrust actions to the Northern District of California pursuant to 28 U.S.C. § 1407, (2) the New York Direct Purchaser Plaintiffs' motion for transfer and consolidation of related antitrust actions to the Southern District of New York pursuant to 28 U.S.C. § 1407, and (3) Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC's motion for transfer and consolidation of related antitrust class actions to the District of New Jersey pursuant to 28 U.S.C. § 1407;

(2) Schedule of Actions; and

(3) Certificate of Service.

Thank you for your attention to this matter, and please contact me if you have any questions.

Respectfully submitted,

HEINS MILLS & OLSON, P.L.C.

Scott W. Carlson

SWC:alz
Enclosures
cc: All counsel on Service List

# HEINS MILLS & OLSON, P.L.C.

ATTORNEYS AT LAW

310 CLIFTON AVENUE
MINNEAPOLIS, MINNESOTA 55403
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

SCOTT W. CARLSON
SCARLSON@HEINSMILLS.COM

January 11, 2008

**VIA FEDEX EXPRESS**
Clerk of Court
United States District Court
Northern District of California
16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917
>
> *Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-5944-SC
>
> *Nathan Muchnick, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-5981-SC
>
> *Juetten, et al. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-6225-SC
>
> *Hawel d/b/a City Electronics v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-6279-SC
>
> *Caldwell v. Matsushita Electric Industrial Co., Ltd., et al.,* Case No. 3:07-CV-6303-SC
>
> *Figone v. LG Electronics, Inc., et al.,* Case No. 3:07-CV-6331-SC
>
> *Art's TV and Appliance v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-6416-JCS
>
> *Monikraft, Inc. v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:07-CV-6433-SC

Dear Clerk of Court:

Enclosed for filing on behalf of Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's, please find a copy of the following documents:

(1) Wettstein and Sons, Inc., d/b/a Wettstein's Interested Party Response to: (1) Plaintiff Crago, Inc.'s motion for transfer and consolidation of related antitrust actions to the Northern District of California pursuant to 28 U.S.C. § 1407, (2) the New York Direct Purchaser Plaintiffs' motion for transfer and consolidation of related antitrust actions to the Southern District of New York pursuant to 28 U.S.C. § 1407, and (3) Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC's motion for transfer and

consolidation of related antitrust class actions to the District of New Jersey pursuant to 28 U.S.C. § 1407;

(2) Schedule of Actions; and

(3) Certificate of Service.

Thank you for your attention to this matter, and please contact me if you have any questions.

Respectfully submitted,

HEINS MILLS & OLSON, P.L.C.

Scott W. Carlson

SWC:alz
Enclosures
cc: All counsel on Service List

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

**The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500**

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

Richard H. Epstein
Member of the Firm
Direct Dial: (973) 643-5372
E-mail: repstein@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

January 31, 2008

**Via Electronic Mail and U.S. Mail**
Hon. Michael A. Shipp
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re: *Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes,*
> *Ltd., et al.*
> Case No. 07-cv-5713 (SRC) (MAS)

Dear Judge Shipp:

We represent, along with Weil Gotshal & Manges LLP and Dewey & LeBoeuf LLP,

defendant Panasonic Corporation of North America ("PNA") and write to request an extension

of time to answer, move or otherwise respond to Plaintiff's complaint.   PNA respectfully

requests that the Court "So Order" the enclosed stipulation, to which counsel for Plaintiff has

consented, extending the deadline until the earliest of the following dates: (1) 45 days after the

filing of a Consolidated Amended Complaint in the CRT Cases (as defined below); or (2) 45

days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a

Consolidated Amended Complaint, provided however, that in the event that PNA should agree to

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Hon. Michael A. Shipp, U.S.M.J.
January 31, 2008
Page 2

an earlier response date in any CRT case, PNA will respond to the Complaint in this action on

that earlier date.[1]

On or about November 29, 2007, Plaintiff commenced this action alleging antitrust

violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products

containing Cathode-Ray Tubes (collectively, "CRT products").[2] This is one of more than

twenty complaints that have been filed to date in federal district courts throughout the United

States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers

alleging antitrust violations by manufacturers, distributors, and sellers of CRT products

(collectively, "the CRT Cases"). There is currently pending before the Judicial Panel on

Multidistrict Litigation a motion to transfer the CRT cases for coordinated and consolidated

pretrial proceedings pursuant to 28 U.S.C. § 1407. Responses to the motion have been filed.

Further, Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT

Cases.

Accordingly, Plaintiff and PNA have executed the enclosed Stipulation based upon their

belief that an orderly schedule for any response to the pleadings in the CRT Cases would be

more efficient for the parties and for the Court. This is especially so where, as here, not all

defendants have been served and, as noted above, this action may be transferred and/or

---

[1]     The Hon. Madeline Cox Arleo, U.S.M.J., has "So Ordered" similar stipulations in two
other CRT cases, *Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No.
2:08-cv-00039 (JAG)(MCA), and *OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd.,
et al.*, Case No. 2:08-cv-00086 (JAG)(MCA).

[2]     Service of process was made on January 17, 2008. The time to respond to the Complaint
is currently February 6, 2008, and no prior request for an extension has been made.

**SILLS CUMMIS & GROSS**
A PROFESSIONAL CORPORATION

Hon. Michael A. Shipp, U.S.M.J.
January 31, 2008
Page 3

coordinated and consolidated for pretrial proceedings based upon the pending motion before the

Judicial Panel on Multidistrict Litigation.

      PNA therefore respectfully requests that this Court "So Order" the enclosed Stipulation to

extend the time to answer, move or otherwise respond to the Complaint and that, as set forth in

paragraph 3 of the Stipulation, the extension will be applied to all named defendants who notify

Plaintiff in writing of their intention to join this Stipulation.

                                      Respectfully submitted,

                                      Richard H. Epstein

Enclosure

cc:  Bryan L. Clobes, Esq.
      Mary Jane Fait, Esq.
      Jayne Goldstein, Esq.
      David Yohai, Esq.
      Jeffrey L. Kessler, Esq.
      (all via fax with enclosure)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PRINCETON DISPLAY TECHNOLOGIES, INC., on behalf of itself and all others similarly situated, | : | Case No. 07-5713-SRC-MAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| CHUNGHWA PICTURE TUBES, LTD.; | : | |
| CHUNGHWA PICTURE TUBES (MALAYSIA) Sdn. | : | |
| Bhd.; LG ELECTRONICS, INC.; LP DISPLAYS; | : | |
| ROYAL PHILIPS ELECTRONICS N.V.; TOSHIBA | : | |
| CORPORATION; TOSHIBA MATSUSHITA | : | |
| DISPLAY TECHNOLOGY CO., LTD.; MATSUSHITA | : | |
| ELECTRIC INDUSTRIAL CO., LTD.; MT PICTURE | : | |
| DISPLAY; HITACHI LTD.; HITACHI AMERICA | : | |
| LTD.; HITACHI ASIA, LTD.; PANASONIC | : | |
| CORPORATION OF NORTH AMERICA; and | : | |
| SAMTEL COLOR, LTD.; | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S STIPULATION FOR EXTENSION OF TIME**

WHEREAS Plaintiff Princeton Display Technologies, Inc. ("Plaintiff") filed a complaint in the above-captioned case on or about November 29, 2007;

WHEREAS Plaintiff alleges antitrust violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products containing Cathode-Ray Tubes (collectively, "CRT products");

WHEREAS more than twenty complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers, distributors, and sellers of CRT products (collectively, "the CRT Cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT cases to this jurisdiction for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Responses to the motion have been filed;

WHEREAS Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases;

WHEREAS Plaintiff and Defendant Panasonic Corporation of North America ("PNA") have agreed that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date;

WHEREAS Plaintiff further agrees that this extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

WHEREAS this Stipulation does not constitute a waiver by PNA of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, with respect to any named defendant joining the stipulation, this Stipulation does not constitute a waiver of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

PLAINTIFF AND DEFENDANT PNA, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1. Service of process was effected on January 17, 2008, the time for PNA to answer, move or otherwise respond to the Complaint is currently February 6, 2008, and no prior request for an extension has been made.

2. The deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date.

3. This extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

4. This Stipulation does not constitute a waiver by PNA, or any other named defendant joining the Stipulation of any defense, including but not limited to the defenses of lack of

3

personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

**IT IS SO STIPULATED**.

DATED: January __, 2008                    By: _____

James E. Cecchi
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, N.J. 07068
Tel: 973/994-1700
Fax: 973/994-1744

Bryan L. Clobes, Esq.
Ellen Meriwether, Esq.
CAFFERTY FAUCHER LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
Tel: 215/864-2800
Fax: 215/864-2810

Mary Jane Fait, Esq.
Theodore B. Bell, Esq.
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLC
55 W. Monroe Street, Suite 1111
Chicago, Illinois 60603
Tel: 312/984-0000
Fax: 312/984-0001

Jayne Goldstein, Esq.
Lee Albert, Esq. (LA8307)
MAGER & GOLDSTEIN LLP
1818 Market Street, Suite 3700
Philadelphia, PA 19103
Tel: (215) 640-3280
Fax: (215) 640-3281

Attorneys for Plaintiff Princeton Display
Technologies, Inc.

DATED: January 31, 2008        By: _____

                                   Richard H. Epstein
                                   SILLS CUMMIS & GROSS P.C.
                                   The Legal Center
                                   One Riverfront Plaza
                                   Newark, NJ 07102
                                   Telephone: (973) 643-5372
                                   Facsimile: (973) 643-6500

                                   Steven A. Reiss
                                   David L. Yohai
                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153-0119
                                   Telephone:  (212) 310-8000
                                   Facsimile:  (212) 310-8007

                                   Jeffrey L. Kessler
                                   A. Paul Victor
                                   DEWEY & LeBOEUF LLP
                                   1301 Avenue of the Americas
                                   New York, NY 10019
                                   Telephone: (212) 259-8000
                                   Facsimile: (212) 259-7013

                                   Attorneys for Defendant Panasonic Corporation of
                                   North America

                        ORDER

The above stipulation is ORDERED APPROVED.

ORDER DATED: _____

                                   _____
                                   Hon. Michael A. Shipp, U.S.M.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRINCETON DISPLAY TECHNOLOGIES, INC., <br> on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHUNGHWA PICTURE TUBES, LTD., et al. <br><br> Defendants. | : <br> : <br> : <br> : Case No. 07-5713 <br> : <br> : **CLASS ACTION COMPLAINT** <br> : <br> : **JURY TRIAL DEMANDED** <br> : <br> : <br> : |

### PRO HAC VICE MOTION OF ELLEN MERIWETHER

Pursuant to Local Rule 101.1, the undersigned hearby moves for admission pro hac vice for Ellen Meriwether and states the following:

1.     Ellen Meriwether is a partner in the law firm Cafferty Faucher LLP.  Her office's address is 1717 Arch St., Ste. 3610, Philadelphia, PA 19103.

2.     She is admitted to practice before the following courts:

United States Supreme Court
Pennsylvania Supreme Court
United States Court of Appeals for the Second Circuit
United States Court of Appeals for the Third Circuit
United States Court of Appeals for the Tenth Circuit
United States Court of Appeals for the Eleventh Circuit
United States District Court for the Eastern District of Pennsylvania

3.     She is a member in good standing of the Bar of the Commonwealth of Pennsylvania and that there are no disciplinary proceedings pending against her nor has she ever been subject to disciplinary proceedings.

4.     She understands and agrees to be bound by the rules and orders of this Court, including dates for scheduling conferences, motions, pretrial conferences, trials and any other

proceedings.  She will also make any payments necessary to the New Jersey Lawyers' Fund for

Client Protection.

Dated: December 6, 2007             By:     **CAFFERTY FAUCHER LLP**


                                            __s/ Bryan L. Clobes_____
                                            Bryan L. Clobes, Esq.
                                            1717 Arch Street, Suite 3610
                                            Philadelphia, PA 19103
                                            Tel:  (215) 864-2800
                                            Fax:  (215) 864-2810

                                            ***Attorney for Plaintiff***

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED-CLERK
U.S. DISTRICT COURT
2008 MAR 24 P 12: 16

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

18 March 2008

U.S. District Court
William T. Walsh, Clerk
50 Walnut Street, 4th Floor
Newark, NJ 07102

Re:   MDL 1917 In re Cathode Ray Tube (CRT) Antitrust Litigation

Title of Case(s)
*Princeton Display Technologies, inc. et al -v- Chunghwa Picture Tubes, Ltd., et al*

Your Case Number(s)
C.A . No. 2:07-5713

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Samuel Conti for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the original record and a certified copy of the docket entries in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: MDL Clerk

If the case is an electronic case filing please do one of the following: 1) electronically transfer the case via ECF by contacting our Automation Department at ecfhelpdesk@cand.uscourts.gov; 2) e-mail the PDF documents, as separate PDF files,  including a PDF copy of the docket sheet to SFmdl_clerk@cand.uscourts.gov; 3) provide the PDF documents on a disc; or 4) provide us with a temporary log in and a password to directly access your database to expedite the downloading of the PDF files we need and/or require,  We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

*R.C. Santos*

For Simone Voltz
Deputy Clerk

Encl.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PRINCETON DISPLAY TECHNOLOGIES, INC., on behalf of itself and all others similarly situated, | : | Case No. 07-5713-SRC-MAS |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA) Sdn. Bhd.; LG ELECTRONICS, INC.; LP DISPLAYS; ROYAL PHILIPS ELECTRONICS N.V.; TOSHIBA CORPORATION; TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MT PICTURE DISPLAY; HITACHI LTD.; HITACHI AMERICA LTD.; HITACHI ASIA, LTD.; PANASONIC CORPORATION OF NORTH AMERICA; and SAMTEL COLOR, LTD.; | : | |
| Defendants. | : | |

### PLAINTIFF'S AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S STIPULATION FOR EXTENSION OF TIME

WHEREAS Plaintiff Princeton Display Technologies, Inc. ("Plaintiff") filed a complaint in the above-captioned case on or about November 29, 2007;

WHEREAS Plaintiff alleges antitrust violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products containing Cathode-Ray Tubes (collectively, "CRT products");

WHEREAS more than twenty complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers, distributors, and sellers of CRT products (collectively, "the CRT Cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT cases to this jurisdiction for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Responses to the motion have been filed;

WHEREAS Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases;

WHEREAS Plaintiff and Defendant Panasonic Corporation of North America ("PNA") have agreed that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date;

WHEREAS Plaintiff further agrees that this extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

WHEREAS this Stipulation does not constitute a waiver by PNA of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, with respect to any named defendant joining the stipulation, this Stipulation does not constitute a waiver of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

PLAINTIFF AND DEFENDANT PNA, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1.    Service of process was effected on January 17, 2008, the time for PNA to answer, move or otherwise respond to the Complaint is currently February 6, 2008, and no prior request for an extension has been made.

2.    The deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date.

3.    This extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

4.    This Stipulation does not constitute a waiver by PNA, or any other named defendant joining the Stipulation of any defense, including but not limited to the defenses of lack of

personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

**IT IS SO STIPULATED.**

DATED: January __, 2008                    By: _____

James E. Cecchi
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, N.J. 07068
Tel: 973/994-1700
Fax: 973/994-1744

Bryan L. Clobes, Esq.
Ellen Meriwether, Esq.
CAFFERTY FAUCHER LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
Tel: 215/864-2800
Fax: 215/864-2810

Mary Jane Fait, Esq.
Theodore B. Bell, Esq.
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLC
55 W. Monroe Street, Suite 1111
Chicago, Illinois 60603
Tel: 312/984-0000
Fax: 312/984-0001

Jayne Goldstein, Esq.
Lee Albert, Esq. (LA8307)
MAGER & GOLDSTEIN LLP
1818 Market Street, Suite 3700
Philadelphia, PA 19103
Tel: (215) 640-3280
Fax: (215) 640-3281


Attorneys for Plaintiff Princeton Display
Technologies, Inc.

DATED: January 31, 2008

By: _____

Richard H. Epstein
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-5372
Facsimile: (973) 643-6500

Steven A. Reiss
David L. Yohai
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Jeffrey L. Kessler
A. Paul Victor
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

Attorneys for Defendant Panasonic Corporation of
North America

## ORDER

The above stipulation is ORDERED APPROVED.

ORDER DATED: _2/6/08_____

_____
Hon. Michael A. Shipp, U.S.M.J.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PRINCETON DISPLAY        :
TECHNOLOGIES, INC. ,       :
                              :
         **Plaintiff,**      :       **Civil Action No. 07-5713 (KSH)**
    v.                   :
                              :
CHUNGHWA PICTURE,        :         **ORDER**
TUBES, LTD., et al.         :
                              :
         **Defendant.**      :

      This matter having come before the Court on the application of Cafferty Faucher LLP.

["the movant"], attorneys for plaintiff, for the pro hac vice admission of Ellen Meriwether, Esq.

["counsel"] pursuant to Local Civ. R. 101.1;

      and the Docket reflecting that no defendant has entered an appearance,

      and it therefore appearing that any motion practice is premature,

      IT IS ON THIS 11th day of December, 2007

      **ORDERED** that the application for the pro hac vice admission of counsel [Docket Entry

No. 6] is denied without prejudice.

                              s/Patty Shwartz
                              **UNITED STATES MAGISTRATE JUDGE**

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

———————————————— :
IN RE: CATHODE RAY TUBE (CRT)        :          MDL DOCKET NO. 1917
ANTITRUST LITIGATION                 :
———————————————— :

## CERTIFICATE OF SERVICE

I, Scott W. Carlson, of Heins Mills & Olson, one of the attorneys representing

Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's, hereby certify that on January 11,

2008, I caused copies of the following documents to be served by United States First

Class Mail on the persons identified on the attached Service List.

(1) Notice of Appearance;

(2) Notice of Presentation or Waiver of Oral Argument;

(3) Rule 5.3 Corporate Disclosure Statement;

(4) Wettstein and Sons, Inc., d/b/a Wettstein's Interested Party Response to: (1) Plaintiff Crago, Inc.'s motion for transfer and consolidation of related antitrust actions to the Northern District of California pursuant to 28 U.S.C. § 1407, (2) the New York Direct Purchaser Plaintiffs' motion for transfer and consolidation of related antitrust actions to the Southern District of New York pursuant to 28 U.S.C. § 1407, and (3) Plaintiffs Royal Data Services, Inc. and OK TV & Appliances, LLC's motion for transfer and consolidation of related antitrust class actions to the District of New Jersey pursuant to 28 U.S.C. § 1407; and

(5) Schedule of Actions.

Scott W. Carlson

PLAINTIFFS

Counsel for Princeton Display Technologies, Inc.

Bryan L. Clobes
CAFFERTY FAUCHER LLP
1717 Arch Street, 36th Floor
Philadelphia, PA 19103
(215) 864-2800
Email: Bclobes@Millerfaucher.Com

Lee Albert
MAGER & GOLDSTEIN, LLP
1818 Market Street
Suite 3710
Philadelphia, PA 19103
(215) 640-3283
Email: Lalbert@Magergoldstein.Com

James E. Cecchi
Lindsey H. Taylor
CARELLA BYRNE BAIN GILFILLAN CECCHI STEWART & OLSTEIN, PC
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
Email: Jcecchi@Carellabyrne.Com
Email: Ltaylor@Carellabyrne.Com

Counsel for Crago, Inc.

Bruce L. Simon
PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
44 Montgomery Street
Suite 1200
San Francisco, CA 94104
Tel: 415-433-9000
Fax: 415-433-9008
Email:bsimon@psswplaw.Com

Daniel D. Owen
P. John Brady
SHUGHART THOMSON & KILROY, P.C.
Twelve Wyandotte Plaza - Suite 1600
120 W. 12th Street
Kansas City, MO 64105

816-395-0671
Fax: 816-374-0509
Email: Dowen@Stklaw.Com
Email: Jbrady@Stklaw.Com

Counsel for Hawel A. Hawel D/B/A City Electronics

Guido Saveri
Richard Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI INC.
111 Pine Street
Suite 1700
San Francisco, CA 94111
415-217-6810
Email: Guido@Saveri.Com
Email: Rick@Saveri.Com
Email: Zirpoli@Saveri.Com

Roger Martin Schrimp
Fred A. Silva
Betty Lisa Julian
Kathy Lee Monday
DAMRELL NELSON SCHRIMP PALLIOS PACHER & SILVA
1601 I Street, 5th Floor
Modesto, CA 95354
209 526-3500
Email: Fsilva@Damrell.Com
Email: Bjulian@Damrell.Com
Email: Kmonday@Damrell.Com
Email: Rschrimp@Damrell.Com

Counsel for Michael Juetten and Chad Klebs

Craig C. Corbitt
Richard M. Hagstrom
Michael Jacobs
ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
44 Montgomery Street
Suite 3400
San Francisco, CA 94104
415-693-0700
Fax: 415-693-0770
Email: Ccorbitt@Zelle.Com

Email: Mjacobs@Zelle.Com


Counsel for Art's TV & Appliance

Harry Shulman
THE MILLS LAW FIRM
145 Marina Boulevard
San Rafael, CA 94901
415-445-1326
Fax: 415-455-1327
Email: Harry@Millslawfirm.Com

Counsel for Nathan Muchnick, Inc.

H. Laddie Montague, Jr.
Candice J. Enders
Ruthanne Gordon
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
800-424-6690
Fax: 215-875-4604
Email: Hlmontague@Bm.Net
Email: Cenders@Bm.Net
Email: Rgordon@Bm.Net


Richard Martin Heimann
Eric B. Fastiff
Joseph Richard Saveri
LIEFF, CABRASER, HEIMANN & BERNSTEIN,LLP
275 Battery Street
30th Floor
San Francisco, CA 94111-3339
415-956-1000
Fax: 415-956-1008
Email: Efastiff@Lchb.Com
Email: Jsaveri@Lchb.Com
Email: Rheimann@Lchb.Com


Counsel for Barbara Caldwell

Thomas Patrick Dove
Christopher Lee Lebsock
Jon T. King

Henry A. Cirillo
Michael S. Christian
Kathleen Styles Rogers
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
(415) 433-2070
Fax: (415) 982-2076
Email: King@Furth.Com
Email: Clebsock@Furth.Com
Email: Hcirillo@Furth.Com
Email: Krogers@Furth.Com
Email: Mchristian@Furth.Com
Email: Tdove@Furth.Com

Marvin A. Miller
Lori A. Fanning
Matthew E. Van Tine
MILLER LAW LLC
115 South Lasalle Street, Suite 2910
Chicago, IL 60603
312 332-3400
Fax: 312 676-2676


Counsel for Jeffrey Figone

Mario N. Alioto
Lauren Clare Russell
TRUMP ALIOTO TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
415 563-7200
Fax: 415 346-0679
Email: Malioto@Tatp.Com
Email: Laurenrussell@Tatp.Com

Counsel for Industrial Computing, Inc.

Jeffrey Alan Klafter
KLAFTER & OLSEN LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10602
(914) 997-5656
Fax: (914) 997-5656
Email: Jak@Klafterolsen.Com

Counsel for Monikraft, Inc.

Michael P. Lehman
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
415-983-3321
Fax: 415-986-3643
Email: Mlehmann@Cmht.Com

Counsel for Greg A. Glanz

Daniel R. Karon
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Tel: (216) 622-1851
Fax: (216) 622-1852

John Gressette Felder, Jr
MCGOWAN HOOD AND FELDER
1405 Calhoun Street
Columbia, SC 29201
803-779-0100
Fax: 803-787-0750
Email: Jfelder@Mcgowanhood.Com

Steven Randall Hood
William A Mckinnon
MCGOWAN HOOD AND FELDER
1539 Healthcare Drive
Rock Hill, SC 29732
803-327-7800
Fax: 803-328-5656
Email: Rhood@Mcgowanhood.Com
Email: Bmckinnon@Mcgowanhood.Com

Counsel for Arch Electronics, Inc.

Anthony J. Bolognese
Joshua H. Grabar
BOLOGNESE & ASSOCIATES, L.L.C.
1500 JFK Boulevard

Philadelphia, PA 19102
(215) 814-6751
Fax: (215) 814-6764

Robert N. Kaplan
Linda P. Nussbaum
Gregory Keith Arenson
KAPLAN FOX & KILSHEIMER, L.L.P.
850 Third Avenue
14th Floor
New York, NY 10022
(212) 687-1980
Fax: (212) 687-7714
Email: Rkaplan@Kaplanfox.Com
Email: Lnussbaum@Kaplanfox.Com
Email: Garenson@Kaplanfox.Com

Counsel for Andrew Kindt

Christopher Lovell
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue
Floor 58
New York, NY 10110
Tel: (212) 608-1900
Fax: (212) 719-4677

Counsel for Meijer, Inc. and Meijer Distribution, Inc.

Robert N. Kaplan
Linda P. Nussbaum
Gregory Keith Arenson
KAPLAN FOX & KILSHEIMER, L.L.P.
850 Third Avenue
14th Floor
New York, NY 10022
(212) 687-1980
Fax: (212) 687-7714
Email: Rkaplan@Kaplanfox.Com
Email: Lnussbaum@Kaplanfox.Com
Email: Garenson@Kaplanfox.Com

Counsel for Royal Data Services, Inc. and OK TV & Appliances, Inc.

W. Joseph Bruckner
LOCKRIDGE GRINDAL NAUEN P.L.L.P.

100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401-2179
Tel: (612) 339-6900
Fax: (612) 544-9850

DEFENDANTS

BEIJING-MATSUSHITA COLOR CRT
CO., LTD.
No. 9 Jiuxianqiao N. Rd.
Dashanzi Chaoyang District
Beijing, China

CHUNGHWA PICTURE TUBES, LTD.
No. 1127 Heping Road
Bade City, Taoyuan
Taiwan

CHUNGHWA PICTURE TUBES
(MALAYSIA) SDN. BHD;
Lot 1, Subang Hi-Tech Industrial Park
4000 Shah Alam
Selango Daml Ehsan, Malaysia

HITACHI ASIA, LTD.
16 Collyer Quay, #20-00 Hitachi Tower
Singapore, 049318

HITACHI, LTD.
6-6 Marunouchi 1-chome
Building 13F
Chiyoda-ku, Tokyo 100-8220
Japan

IRICO DISPLAY DEVICES CO.
No. 16 Fenghui South Road West
District High-tech Development Zone
Xi'an, SXI 710075

IRICO GROUP CORP.
1 Caihong Rd.
Xianyang City, Shaanxi Province 712021
China

KONINKLIJKE PHILIPS ELECTRONICS
N.V.

Breitner Center, Amstelplein 2, 1096 BC
Amsterdam, The Netherlands

LG ELECTRONICS, INC.
LG Twin Towers
20, Yeouido-dong, Youngdungpo-gu
Seoul, Korea 150-721

LP DISPLAYS INTERNATIONAL
6th Floor, ING Tower
308 Des Voeux Road Central
Sheung Wan, Hong Kong

MATSUSHITA TOSHIBA PICTURE
1-1, Saiwai-cho
Takatsuki-shi, Osaka 569-1193
Japan

PHILLIPS ELECTRONICS NA
Lawyers Incorporating Service
P.O. Box 526036
Sacramento, CA 95852

SAMSUNG SDI CO., LTD.
575 Shin-dong Youngiong-gu Suwon
Kyonggi, South Korea

SAMTEL COLOR, LTD.
52, Community Centre
New Friends Colony, New Delhi 110065

THAI CRT CO., LTD.
1/F 26 Siam Cement Rd
Bangsue Desit, Bangkok
Thailand

TOSHIBA CORPORATION
Legal Affairs Division
1-1, Shibaura 1-chome
Minato-ku, Tokyo 105-8001
Japan

Counsel for Defendant Orion America,
Inc. and Orion Electric Co., Ltd.

Barry Bendes, Esq.
Anthony J. Viola
EDWARDS ANGELL PALMER & DODGE
LLP
750 Lexington Avenue
New York, NY 10022
Tel: (212) 912-2911
Fax: (212) 308-4844
bbendes@eapdlaw.com
aviola@eapdlaw.com

Counsel for Defendant Samsung SDI
America, Inc.

Gary L. Halling, Esq.
SHEPPARD MULLINS RICHTER &
HAMPTON LLP
4 Embarcadero Center
17th floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
ghalling@sheppardmullin.com

Counsel for Defendants Panasonic Corp. of North
America and Matsushita Electric Industrial Co., Ltd.

David Yohai
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Counsel for Defendant Toshiba America,
Inc.

Christopher M. Curran, Esq.
WHITE & CASE LLP
701 13th Street, N.W.
Washington, DC 20005
Tel: (202) 626-3643
Fax: (202) 639-9355
Email: ccurran@whitecase.com

Counsel for Defendant Hitachi America, Ltd.

Kent M. Roger
MORGAN, LEWIS & BOCKIUS LLP
One Market Plaza
Spear Street Tower
San Francisco,CA 94105
Tel: (415) 422-1140
Fax: (415) 442-1001


Clerk of Court
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

Clerk of Court
United States District Court
District of Minnesota
300 South Fourth Street, Room 202
Minneapolis, Minnesota, 55415

Clerk of Court
United States District Court
Northern District of California
16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Clerk of Court
United States District Court
District of South Carolina
Post Office Box 2557
Florence, SC 29503

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Docket: 1917 - IN RE: Cathode Ray Tube (CRT) Antitrust Litigation
Status: Pending on / /
Transferee District:        Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Beijing-Matsushita Color,<br>No. 9 Jiuxianqian N. Rd.<br>Dashanzi Chaoyang District<br>Beijing, China | =><br>Beijing-Matsushita Color CRT Co., Ltd. |
| Bendes, Barry<br>EDWARDS ANGELL PALMER & DODGE LLP<br>750 Lexington Avenue<br>New York, NY 10022 | =>Phone: (212) 912-2911 Fax: (212) 308-4844 Email: bbendes@eapdlaw.com<br>Orion America, Inc.* |
| Chunghwa Picture Tubes,<br>No. 1127, Heping Rd.<br>Bade City, Taoyuan, Taiwan | =><br>Chunghwa Picture Tubes, Ltd. |
| Chunghwa Picture Tubes,<br>Lot 1, Subang Hi-Tech Industrial Park<br>Batu Tiga, 4000 Shah Alam<br>Selango Darul Ehsan, Malaysia | =><br>Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. |
| Curran, Christopher M.<br>WHITE & CASE LLP<br>701 13th Street , N.W.<br>Washington, DC 20005-3807 | =>Phone: (202) 626-3663 Fax: (202) 639-9355 Email: ccurran@whitecase.com<br>Toshiba America, Inc.* |
| Halling, Gary L.<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>Four Embarcadero Center<br>17th Floor<br>San Francisco, CA 94111-4109 | =>Phone: (415) 434-9100 Fax: (415) 434-3947 Email: ghalling@sheppardmullins.com<br>Samsung SDI America, Inc.* |
| Hitachi Asia, Ltd.,<br>16 Collyer Quay, #20-00 Hitachi Tower<br>Singapore 049318 | =><br>Hitachi Asia, Ltd. |
| Hitachi, Ltd.,<br>6-6, Marunouchi 1-chome<br>Chiyoda-ku, Tokyo, 100-8280, Japan | =><br>Hitachi, Ltd. |
| Irico Display Devices Co.,<br>No. 16 Fenghui South Road West<br>District High-tech Development Zone<br>Xi'an, SXI 710075<br>*** Bad Address *** | =><br>Irico Display Devices Co., Ltd. |
| Irico Group Corp.,<br>1 Caihong Rd.<br>Xianyang City, Shaanxi Province 712021 | =><br>Irico Group Corp. |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,917 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Koninklijke Philips Elect,<br>Breiner Center, Amstelplein 2, 1096 BC<br>Amsterdam, The Netherlands | => Koninklijke Philips Electronics N.V. |
| LG Electronics, Inc.,<br>LG Twin Towers<br>20, Yeouido-dong, Youngdungpo-gu<br>Seoul<br>150-721 Korea | => LG Electronics, Inc. |
| LP Displays International,<br>6th Floor, ING Tower<br>308 Des Voeux Road Central<br>Sheung Wan, Hong Kong | => LP Displays International, Ltd. |
| Lovell, Christopher<br>LOVELL STEWART HALEBIAN LLP<br>500 Fifth Avenue<br>Floor 58<br>New York, NY 10110 | =>Phone: (212) 608-1900 Fax: (212) 719-4677<br>Kindt, Andrew* |
| Matsushita Toshiba Pictur,<br>1-1, Saiwai-cho<br>Takatsuki-shi, Osaka 569-1193, Japan | => Matsushita Toshiba Picture Display Co., Ltd. |
| Philips Electronics NA,<br>Lawyers Incorporating Service<br>P.O. Box 526036<br>Sacramento, CA 95852 | => Philips Electronics North America Corp. |
| Roger, Kent M.<br>MORGAN LEWIS & BOCKIUS LLP<br>One Market, Spear Tower<br>San Francisco, CA 94105-1126 | =>Phone: (415) 442-1140 Fax: (415) 442-1001<br>Hitachi America, Ltd.* |
| Samsung SDI Co., Ltd.,<br>575 Shin-dong, Youngtong-gu Suwon<br>Kyonggi. South Korea | => Samsung SDI Co., Ltd. |
| Samtel Color, Ltd.,<br>52, Community Centre, New Friends Colony<br>New Delhi-110065 | => Samtel Color, Ltd. |
| Simon, Bruce L.<br>PEARSON SIMON SOTER WARSHAW & PENNY LLP<br>44 Montgomery Street<br>Suite 1200<br>San Francisco, CA 94104 | =>Phone: (415) 433-9000 Fax: (415) 433-9008 Email: bsimon@psswplaw.com<br>Crago, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,917 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Thai CRT Co., Ltd.,<br>1/F 26 Siam Cement Rd<br>Bangsue Dusit, Bangkok, Thailand | => <br>Thai CRT Co., Ltd. |
| Toshiba Corp.,<br>Legal Affairs Division<br>1-1, Shibaura 1-Chome<br>Minato-Ku, Tokyo<br>105-8001 Japan | => <br>Toshiba Corp. |
| Viola, Anthony J.<br>EDWARDS ANGELL PALMER & DODGE LLP<br>750 Lexington Avenue<br>New York, NY 10022 | => Phone: (212) 912-2827  Fax: (212) 308-4844  Email: aviola@eapdlaw.com<br>Orion Electric Co., Ltd.* |
| Yohai, David L.<br>WEIL GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119 | => Phone: (212) 310-8000  Fax: (212) 310-8007<br>Matsushita Electric Industrial Co., Ltd.*; Panasonic Corp. of North America* |

Note: Please refer to the report title page for complete report scope and key.

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | : | |
|---|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | : | MDL DOCKET NO. 1917 |
| | : | |

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Crago, Inc.<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.;<br>Irico Group Corp.; Irico Display Devices Co., Ltd.; LG Electronics, Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Orion Electric Co., Ltd.; Orion America, Inc.; Koninklikje Philips Electronics N.V.; Philips Electronics North America; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samtel Color, Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation; Beijing-Matsushita Color CRT Company, Ltd.; Matsushita Toshiba Picture Display Co., Ltd.; and LP Displays International, Ltd. | N.D. of California | 3:07-cv-05944-SC (filed 11/26/07) | Samuel Conti |

| Plaintiff: Nathan Muchnick, Inc. Defendants: Chunghwa Picture Tubes Ltd.; Tatung Company of America, Inc.; LG Electronics Inc.; LG Philips Display USA, Inc.; Matsushita Electric Industrial Company, Ltd.; Panasonic Corporation of North America; Koninklijke Philips Electronics, N.V.; Philips Electronics North America Corporation; Samsung Electronics Co. Ltd.; Samsung Electronics America, Inc.; Samsung SDI Co., Ltd.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; MT Picture Display Company; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio) | N.D. of California | 3:07-cv-05981-SC (filed 11/27/07) | Samuel Conti |
|---|---|---|---|
| Plaintiff: Michael Juetten and Chad Klebs Defendants: Chunghwa Picture Tubes, Ltd.; LP Displays International, Ltd.; Matsushita Electric Industrial Co. Ltd.; MT Picture Display Co., Ltd.; Koninklijke Philips Electronics N.V.; Samsung SDI Co.; Toshiba Corp.; Toshiba America, Inc. | N.D. of California | 3:07-cv-06225-SC (filed 12/10/07) | Samuel Conti |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Hawel A. Hawel d/b/a City Electronics<br><br>**Defendants:** Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Irico Display Devices Co., Ltd.; LG Electronics Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of Northern America; Orion Electric Co., Ltd.; Orion America, Inc.; Koninklijke Philips Electronics, N.V.; Philips Electronics North America; Samsung SDI Co., Ltd.; Samtel Color, Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation; Beijing-Matsushita Color CRT Company, Ltd.; Matsushita Toshiba Picture Display Co., Ltd.; LP Displays International, Ltd.; Samsung SDI America, Inc. | N.D. of California | 3:07-cv-06279-SC (filed 12/12/07) | Samuel Conti |
| **Plaintiff:**<br>Barbara Caldwell<br><br>**Defendants:** Matsushita Electric Industrial Co., Ltd.; Toshiba Corporation; Toshiba America, Inc.; MT Picture Display Co., LTD.; Samsung SDI Co., Ltd.; LP Displays International, Ltd.; Royal Philip Electronics N.V.; Chunghwa Picture Tubes, Ltd. | N.D. of California | 3:07-cv-06303-SC (filed 12/13/07) | Samuel Conti |

| **Plaintiff:** Jeffrey Figone **Defendants:** LG Electronics, Inc.; Samsung Electronics Co., Ltd.; Samsung SDI Co., Ltd.; Samsung Electronics America, Inc.; Samsung SDI America, Inc.; Samtel Color Ltd.; Toshiba Corporation; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Beijing-Matsushita Color CRT Company, Ltd.; Orion Electric Co., Ltd.; Orion America, Inc.; Hitachi LTD; Hitachi America Ltd.; Hitachi Asia, Ltd.; Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN. BHD; LP Displays International, Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America; Irico Group Corp.; Irico Display Devices Co., Ltd.; Thai CRT Company, Ltd.; Tatung Company of America, Inc. | N.D. of California | 3:07-cv-06331-SC (filed 12/13/07) | Samuel Conti |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Plaintiff:** Art's TV and Appliance<br><br>**Defendants:** Matsushita Electric Industrial Co, Ltd., Panasonic Corporation of North America, Orion Electric Co., Ltd., Orion America, Inc., Koninklijke Philips Electronics N.V., Philips Electronics North America, Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samtel Color, Ltd., Thai CRT Company, Ltd., Toshiba Corporation, Beijing-Matsushita Color CRT Company, Ltd., LP Displays International, Ltd., Matsushita Toshiba Picture Display Co., Ltd., Chunghwa Picture Tubes, LTD., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., Hitachi, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Irico Group Corp., Irico Display Devices Co., Ltd., LG Electronics, Inc. | N.D. of California | 3:07-cv-06416-JCS (filed 12/19/07) | Joseph C. Spero |
| **Plaintiff:** Monikraft, Inc.<br><br>**Defendants:** Matsushita Electric Industrial Co., Ltd., Panasonic Corporation of North America, Orion Electric Co., Ltd., Orion America, Inc., Koninklijke Philips Electronics N.V., Philips Electronics North America, Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samtel Color, Ltd., Thai CRT Company, Ltd., Toshiba Corporation, Beijing-Matsushita Color CRT Company, Ltd., LP Displays International, Ltd., Chunghwa Picture Tubes, LTD., Chunghwa Picture Tubes (Malaysia) SDN.BHD, Hitachi, Ltd., Hitachi America, Ltd, Hitachi Asia, Ltd., Irico Group Corp., Irico Display Devices Co., Ltd., LG Electronics, Inc. | N.D. of California | 3:07-cv-06433-SC (filed 12/21/07) | Samuel Conti |

| **Plaintiff:**<br>Wettstein and Sons, Inc., d/b/a Wettstein's<br><br>Defendants: Chunghwa Picture Tubes, Ltd.; Tatung Company of America, Inc.; L.G. Electronics, Inc.; LG Philips Display USA, Inc.; Matsushita Electric Industrial Co. Ltd.; Panasonic Corporation of North America; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Samsung Electronics Co.; Samsung Electronics America, Inc.; Samsung SDI Co. Ltd. f/k/a Samsung Display Device Co.; Toshiba Corporation; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; MT Picture Display Company; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); LP Displays | D. of Minnesota | 0:07-cv-4889-MJD/AJB (filed 12/18/07) | Michael J. Davis |
|---|---|---|---|
| **Plaintiff:**<br>Princeton Display Technologies, Inc.<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; LG Electronics, Inc.; LP Displays; Royal Philips Electronics N.V.; Toshiba Corporation; Toshiba Matsushita Display Technology Co., Ltd.; Matsushita Electric Industrial Co. Ltd. ; MT Picture Display; Hitachi Ltd.; Hitachi America Ltd.; Hitachi Asia, Ltd.; Panasonic Corporation of North America ; Samtel Color, Ltd. | D. of New Jersey | 2:07-cv-05713-KSH-PS (filed 11/29/07) | Katharine S. Hayden |

| Plaintiff:<br>Royal Data Services, Inc.<br><br>Defendants: Samsung Electronics Co., Ltd.;<br>Samsung SDI Co. Ltd.; Samsung Electronics<br>America, Inc.; Matsushita Electric Industrial<br>Co. Ltd.; Matsushita Toshiba Picture Display<br>Co., Ltd.; MT Picture Display Corporation of<br>America; Panasonic Corporation of North<br>America; Toshiba Corporation; Toshiba<br>America Consumer Products, LLC; Orion<br>Electric Co., Ltd.; Royal Philips Electronics<br>N.V.; Philips Electronics North America<br>Corp.; LG Electronics, Inc.; LG Electronics<br>USA, Inc.; LP Displays International, Ltd.;<br>Chunghwa Picture Tubes, Ltd.; Tatung<br>Company of America, Inc.; TVP<br>Technology, Ltd., Co.; TVP International<br>(USA), Inc.; Hitachi, Ltd.; Hitachi America,<br>Ltd.; Hitachi Asia, Ltd. | D. of New<br>Jersey | 2:08-cv-<br>0039-JAG<br>(filed<br>1/2/08) | Joseph A.<br>Greenaway,<br>Jr. |
| Plaintiff:<br>OK TV & Appliances, LLC<br><br>Defendants: Samsung Electronics Co., Ltd.;<br>Samsung SDI Co. Ltd.; Samsung Electronics<br>America, Inc.; Matsushita Electric Industrial<br>Co. Ltd.; Matsushita Toshiba Picture Display<br>Co., Ltd.; MT Picture Display Corporation of<br>America; Panasonic Corporation of North<br>America; Toshiba Corporation; Toshiba<br>America Consumer Products, LLC; Orion<br>Electric Co., Ltd.; Royal Philips Electronics<br>N.V.; Philips Electronics North America<br>Corp.; LG Electronics, Inc.; LG Electronics<br>USA, Inc.; LP Displays International, Ltd.;<br>Chunghwa Picture Tubes, Ltd.; Tatung<br>Company of America, Inc.; TVP<br>Technology, Ltd., Co.; TVP International<br>(USA), Inc.; Hitachi, Ltd.; Hitachi America,<br>Ltd.; Hitachi Asia, Ltd. | D. of New<br>Jersey | 2:08-cv-<br>0086-JAG<br>(filed<br>1/7/08) | Joseph A.<br>Greenaway,<br>Jr. |

63502.1

| Plaintiff:<br>Andrew Kindt<br><br>Defendants: Matsushita Electric Industrial Co., Ltd.; Samsung SDI Co., Ltd.; LP Displays International, Ltd.; MTPicture Display Co., Ltd.; Toshiba Corp.; Toshiba America, Inc. | S.D. of New York | 1:07-cv-10322-GBD (filed 11/13/07) | George B. Daniels |
| Plaintiff:<br>Arch Electronics, Inc.<br><br>Defendants: LG Electronics, Inc.; LP Displays International Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Samsung Electronics Co. Ltd.; Samsung SDI Co. Ltd.; Samsung Electronics America, Inc.; Samsung SDI America, Inc.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); Chunghwa Picture Tubes, Ltd.; Tatung Company of America, Inc. | S.D. of New York | 1:07-cv-10664-GBD (filed 11/29/07) | George B. Daniels |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Meijer, Inc. and Meijer Distribution, Inc.<br><br>**Defendants:** LG Electronics, Inc.; LP Displays International Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Samsung Electronics Co., Ltd.; Samsung SDI Co. Ltd.; Samsung Electronics America, Inc.; Samsung SDI America, Inc.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); Chunghwa Picture Tubes, Ltd.; Tatung Company Of America, Inc. | S.D. of New York | 1:07-cv-10674-GBD (filed 11/29/07) | George B. Daniels |
| **Plaintiff:**<br>Industrial Computing, Inc.<br><br>**Defendants:** Matsushita Electric Industrial Co., Ltd., MT Picture Display Co., Ltd., Hitachi Ltd., Hitachi America Ltd., Hitachi Asia, Ltd., Panasonic Corporation of North America, Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samtel Color Ltd., Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., LG Electronics, Inc., LP Displays, Royal Philips Electronics North America, Philips Electronics North America, Toshiba Corporation, Toshiba Matsushita Display Technology Co., Ltd. | S.D. of New York | 1:07-cv-11203-UA (filed 12/13/07) | Unassigned |

| Plaintiff:<br>Greg A. Glanz<br><br>Defendants: Samsung Electronics Co, Samsung Electronics America Inc, Samsung SDI Co Ltd, Toshiba Corporation, Toshiba America Electronics Components Inc, Toshiba America Information Systems Inc, Mt Picture Display Company, Mt Picture Display Corporation of America (New York), Mt Picture Display Corporation of America (Ohio), LP Displays, Chunghwa Picture Tubes Ltd, Tatung Company of America Inc, LG Electronics Inc, LG Philips Display USA Inc, Matsushita Electric Industrial Co Ltd, Panasonic Corporation of North America, Koninklijke Philips Electronics NV, Philips Electronics North America Corporation | D. of South Carolina | 4:07-cv-04175-TLW (filed 12/31/07) | Terry L. Wooten |
|---|---|---|---|

63502.1

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _NEW JERSEY_

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,

**SUMMONS IN A CIVIL ACTION**

V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

CASE NUMBER: $07$-$5713$ $(KSH)$

TO: (Name and address of Defendant)

Samtel Color, Ltd.
Village Chhapraula
Bulandshalar Road
Ghaziabad — 201009 (U.P.)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Bryan L. Clobes, Esquire
Cafferty Faucher LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH                          _December 3, 2007_

_____          _____
CLERK                                     DATE

_____
(By) DEPUTY CLERK

℄AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                              Date                    *Signature of Server*

                                                      _____
                                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of   <u>NEW JERSEY</u>

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,
V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:  *07-5713(KSH)*

TO: (Name and address of Defendant)

Panasonic Corporation of North America
One Panasonic Way
Secaucus, NJ  07094

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Bryan L. Clobes, Esquire
Cafferty Faucher LLP
1717 Arch Street, Suite 3610
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH

_____
CLERK

_____
(By) DEPUTY CLERK

*December 3, 2007*

_____
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

 Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

 I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                          *Signature of Server*


                                          _____
                                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of    NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,
                   V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:    *07-5713(KSH)*

TO: (Name and address of Defendant)

     Hitachi Asia, Ltd.
     c/o Hitachi Ltd.
     575 Mauldin Road
     Greenville, SC  29607

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

     Bryan L. Clobes, Esquire
     Cafferty Faucher LLP
     1717 Arch Street, Suite 3610
     Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH             December 3, 2007

_____      _____
CLERK                                   DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
　　　　　　　　　　*Date*　　　　　　　　　　*Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     NEW JERSEY

```
PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,                              SUMMONS IN A CIVIL ACTION
                        V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.
                                         CASE NUMBER: 07-5713 (KSH)
```

TO: (Name and address of Defendant)

     Hitachi America, Ltd.
     50 Prospect Avenue
     Tarrytown, NY 10591

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

     Bryan L. Clobes, Esquire
     Cafferty Faucher LLP
     1717 Arch Street, Suite 3610
     Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**WILLIAM T. WALSH**             December 3, 2007

CLERK                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

　　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____　　_____
　　　　　　　　　　Date　　　　　　　　*Signature of Server*


　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of    NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,
V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07 - 5713 (USH)

TO: (Name and address of Defendant)

> Hitachi, Ltd.
> 6-1 Marunouchi Center Building
> 13F Chiyoda-ku
> Tokyo 100-8220
> Japan

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Bryan L. Clobes, Esquire
> Cafferty Faucher LLP
> 1717 Arch Street, Suite 3610
> Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH

CLERK

_____
(By) DEPUTY CLERK

December 3, 2007

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

    ☐ Served personally upon the defendant. Place where served:

    ☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

       Name of person with whom the summons and complaint were left:

    ☐ Returned unexecuted:

    ☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ _____
                   Date              *Signature of Server*

                        _____
                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of   NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,                          **SUMMONS IN A CIVIL ACTION**
                        V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

CASE NUMBER:   07-5713 (KSH)

TO: (Name and address of Defendant)

  MT Picture Display Co., Ltd.
  360 S. Patterson Blvd. B
  Dayton, OH  45402-2866

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

  Bryan L. Clobes, Esquire
  Cafferty Faucher LLP
  1717 Arch Street, Suite 3610
  Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH                         December 3, 2007
CLERK                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

| *Check one box below to indicate appropriate method of service* |
|---|

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                          Date                              *Signature of Server*

                                        _____
                                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __NEW JERSEY__

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,
               V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07-5713 (UCSH)

TO: (Name and address of Defendant)

    Matsushita Electric Industrial Co., Ltd.
    1006 Oaza Kadoma
    Kadoma, Osaka 571-8501
    Japan

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Bryan L. Clobes, Esquire
    Cafferty Faucher LLP
    1717 Arch Street, Suite 3610
    Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**WILLIAM T. WALSH**

_____
CLERK

_____
(By) DEPUTY CLERK

December 3, 2007
_____
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
                        Date                        Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of    NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,
                            V.

**SUMMONS IN A CIVIL ACTION**

CHUNGHWA PICTURE TUBES, LTD., ET AL.

CASE NUMBER: *07-5713 (KSH)*

TO: (Name and address of Defendant)

    Toshiba Corporation
    1251 Avenue of the Americas
    Ste. 4110
    New York, NY  10020

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Bryan L. Clobes, Esquire
    Cafferty Faucher LLP
    1717 Arch Street, Suite 3610
    Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**WILLIAM T. WALSH**                          *December 3, 2007*

CLERK                                         DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                          *Signature of Server*

                                        _____
                                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of   NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,
                    V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07-5713 (KSH)

TO: (Name and address of Defendant)

Royal Philips Electronics N.V.
c/o Philips Electronics North America Corporation
1251 Avenue of the Americas
New York, NY  10020

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Bryan L. Clobes, Esquire
Cafferty Faucher LLP
1717 Arch Street, Suite 3610
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH

CLERK

(By) DEPUTY CLERK

December 3, 2007

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|
| 　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on _____　　_____
　　　　　　　　　　 Date 　　　　　　　　　　 *Signature of Server*


　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __NEW JERSEY__

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,
             V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: $07-5713 (KSH)$

TO: (Name and address of Defendant)
    LP Displays
    308 Des Voeux Road Central
    6th Floor
    ING Tower
    Sheung Wan, Hong Kong

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Bryan L. Clobes, Esquire
    Cafferty Faucher LLP
    1717 Arch Street, Suite 3610
    Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH

CLERK

(By) DEPUTY CLERK

_December 3, 2007_

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
              *Date*                      *Signature of Server*

                                         _____
                                         *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,

V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07-5713 (KSH)

TO: (Name and address of Defendant)
 LG Electronics, Inc.
 1000 Sylvan Avenue
 Englewood Cliffs, NJ 07632

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

 Bryan L. Clobes, Esquire
 Cafferty Faucher LLP
 1717 Arch Street, Suite 3610
 Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH

CLERK

(By) DEPUTY CLERK

December 3, 2007

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

| *Check one box below to indicate appropriate method of service* |
|---|

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL  $0.00 |

| DECLARATION OF SERVER |
|---|

  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                              Date                              *Signature of Server*

                                                  _____
                                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of  NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,                                **SUMMONS IN A CIVIL ACTION**
                        V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

CASE NUMBER:  *07-5713 (KSH)*

TO: (Name and address of Defendant)
        Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.
        Lot 1, Subang Hi-Tech Industrial Park
        Batu Tiga 40000 Shah Alam
        Selangor, Malaysia

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

        Bryan L. Clobes, Esquire
        Cafferty Faucher LLP
        1717 Arch Street, Suite 3610
        Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**WILLIAM T. WALSH**                             *December 3, 2007*

_____              _____
CLERK                                                              DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
               Date                                    *Signature of Server*


                                                        _____
                                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of   NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,

                V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:  07-5713 (KSH)

TO: (Name and address of Defendant)
    Chunghwa Picture Tubes, Ltd.
    1127 Hopin Road, Padeh City
    Taoyuan
    Taiwan, R.O.C.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Bryan L. Clobes, Esquire
    Cafferty Faucher LLP
    1717 Arch Street, Suite 3610
    Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within     **20**     days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**WILLIAM T. WALSH**

_December 3, 2007_

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL   $0.00 |

### DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
             Date                      *Signature of Server*

                                _____
                                *Address of Server*

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     NEW JERSEY

PRINCETON DISPLAY TECHNOLOGIES, INC.,
on behalf of itself and all others
similarly situated,

            V.

CHUNGHWA PICTURE TUBES, LTD., ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   *O7-5713 (KSH)*

TO: (Name and address of Defendant)

*TOSHIBA MATSUSHITA DISPLAY
TECHNOLOGY CO, LTD*

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Bryan L. Clobes, Esquire
Cafferty Faucher LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**WILLIAM T. WALSH**

_____
CLERK

_____
(By) DEPUTY CLERK

*December 3, 2007*
_____
DATE

✎AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                  Date                 *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

A CERTIFIED TRUE COPY

MAR 1 4 2008

ATTEST _[signature]_
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 7 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

MDL No. 1917

_C 07-5944 SC_

(SEE ATTACHED SCHEDULE)

**FILED**

MAR 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CONDITIONAL TRANSFER ORDER (CTO-1)**

On February 15, 2008, the Panel transferred one civil action to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Samuel Conti.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the action previously transferred to the Northern District of California and assigned to Judge Conti.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of February 15, 2008, and, with the consent of that court, assigned to the Honorable Samuel Conti.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

_[signature]_

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 1 4 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

_R.C. [signature]_
_03/18/08_

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

MDL No. 1917

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ARKANSAS WESTERN** | |
| ARW 5  08-5013 | Jerry Cook v. Chunghwa Picture Tubes, Ltd., et al. |
| **ARIZONA** | |
| AZ  2  08-55 | Brian A. Luscher, et al. v. Chunghwa Picture Tubes, Ltd., et al. |
| **MINNESOTA** | |
| MN  0  07-4889 | Wettstein & Sons, Inc., etc. v. Chunghwa Picture Tubes, Ltd., et al. |
| MN  0  08-160 | Barry Kushner, et al. v. Chunghwa Picture Tubes, Ltd., et al. |
| **NEW JERSEY** | |
| NJ  2  07-5713 | Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Ltd., et al. |
| NJ  2  08-39 | Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al. |
| NJ  2  08-86 | OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al. |
| **NEW YORK SOUTHERN** | |
| NYS 1  07-10664 | Arch Electronics, Inc. v. LG Electronics, Inc., et al. |
| NYS 1  07-10674 | Meijer, Inc., et al. v. LG Electronics, Inc., et al. |
| NYS 1  07-11203 | Industrial Computing, Inc. v. Chunghwa Picture Tubes, Ltd., et al. |
| **OHIO NORTHERN** | |
| OHN 1  08-62 | Southern Office Supply, Inc. v. Chunghwa Picture Tubes, Ltd., et al. |
| **SOUTH CAROLINA** | |
| SC  4  07-4175 | Greg A. Glanz v. Chunghwa Picture Tubes, Ltd., et al. |
| **TENNESSEE EASTERN** | |
| TNE 2  08-11 | Charles Benson v. Chunghwa Picture Tubes, Ltd., et al. |
| **VERMONT** | |
| VT  2  08-5 | Margaret Slagle v. Chunghwa Picture Tubes, Ltd., et al. |